■   ELIZABETH A. HART, Appellant, v. CITY OF GLENS FALLS, Respondent, et al., Defendants.— Appeal from a judgment and order of the Supreme Court, Warren County, which dismissed the complaint as to the defendant City of Glens Falls. The plaintiff instituted this action based on negligence for personal injuries which she sustained when she fell on an allegedly defective sidewalk in front of a building owned by the defendants D'Emilios on Warren St. in the City of Glens Falls. The defendant City of Glens Falls moved pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint as to it on the ground that it appeared from the face thereof that it failed to state facts sufficient to constitute a cause of action. The court below granted this motion, holding that there was no allegation in the complaint that the defendant-respondent had received notice pursuant to its city charter of the condition which caused the plaintiff's injuries. The question presented on this appeal is whether the complaint alleged a compliance with section 132-A of the city charter which requires as a condition precedent to the bringing of a suit against the city for injuries sustained on a defective sidewalk that prior written notice of the condition has been actually given to the Mayor, Acting Mayor or Clerk. Since the motion below was one to dismiss the complaint for insufficiency on its face only the allegations of the complaint may be considered. The complaint alleged that prior written notice had been given and stated, "That the notice referred to the entire premises known as the St. James Apartment Building which was designated in said notice as 101 Warren St." In the appellant's notice of claim it was stated that the accident occurred at 97-99 Warren St. The complaint alleged further that the D'Emilios owned "a single business and apartment block, known as St. James Apartment Building and

designated by street number 97-99-101 Warren St.", that a canopy at the entrance to the building at 99 Warren St. was such as to permit ice, snow and rain to run off it damaging the sidewalk and that "the sidewalk was defective entirely across all the premises known as the St. James Apartment Building." When all these allegations are read together and accepted as being true, as they must be for the purposes of this motion, it is apparent that the appellant has alleged that her injuries were caused by the same defective sidewalk in front of the St. James Apartment Building as to which she has alleged that prior written notice was given. Any variance arising from the fact that the present fall occurred at 97-99 Warren St. and the allegation that the prior notice referred to 101 Warren St. is destroyed by the allegation that the notice "referred to the entire premises known as the St. James Apartment Building." The respondent and the court below refer to the fact that the appellant is basing her allegation of prior written notice on an incident which occurred at a Common Council meeting five years before the accident and it is stated that this notice was insufficient. This, however, cannot here be considered for no mention was made in the complaint of the written notice upon which the appellant is relying. The appellant's proof may not establish that written notice was ever given or it may be shown that the notice upon which the appellant is relying was insufficient. However, as was stated in *Denihan Enterprises* v. *O'Dwyer* (302 N. Y. 451, 458): "We are here and now solely concerned with the legal sufficiency of plaintiff's complaint. Giving the pleader the benefit of every favorable inference, and assuming the truth of the allegations of its complaint, as we must (*Blanshard* v. *City of New York*, 262 N. Y. 5, 12; *Abrams* v. *Allen*, 297 N. Y. 52) notwithstanding the fact that its proof may well fall far short of establishing them as facts, we cannot say as a matter of pleading that no cause of action whatsoever is set forth, and that no triable issues are presented." It is also argued by the respondent that the allegation in the complaint as to notice is a conclusion and therefore does not have to be assumed to be true for the purposes of this motion. It is, however, an allegation of fact, the fact that a prior written notice was given which referred to the entire St. James Apartment Building. The court on the state of this record is precluded by the allegations of the complaint from considering the sufficiency of the notice upon which the appellant relies. Judgment and order reversed on the law and facts and motion denied, with $10 costs to the appellant. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., concur.