■ MAGALY MERCADO, an Infant, by Her Father, JUAN MERCADO, et al., Appellants-Respondents, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No 46094.) — STALEY, JR., J. Appeal by the claimant, Juan Mercado, from an order of the Court of Claims which dismissed his claim on the ground that it was not timely filed, and denied his motion for leave to serve and file a late claim. The State cross-appeals for a modification of the order. On September 11, 1965, the infant claimant Magaly Mercado sustained personal injuries as a result of an accident which occurred at the Bear Mountain Roller Skating Rink, Bear Mountain, New York, which is owned, operated and maintained by the State of New York. On January 26, 1966 the claimant Juan Mercado filed a claim on behalf of Magaly Mercado his infant daughter, and an individual

claim for medical expenses, hospital bills and loss of services. The State does not contest the timeliness of the filing of the infant's claim, but contends that, since more than 90 days expired between the date of the accrual of the claim, and the date of the filing of the claim, and no notice of intention having been filed, the claim of Juan Mercado was not timely filed in accordance with subdivision 3 of section 10 of the Court of Claims Act. The Court of Claims Act provides that the court, in its discretion, may permit the filing of a late claim upon reasonable excuse being shown for the failure to file a notice of intention. The claimant advances as an excuse for the late filing that he and his attorney were "of the mistaken impression that the Bear Mountain Roller Skating Rink was operated by a Bi-State Authority other than the State of New York" and that it was not ascertained until January 17, 1966 that it was owned and operated by the State of New York. The claimant has presented no reasonable excuse for his failure to timely file his claim. If a Bi-State Authority had operated the facility, the suit for injury could only have been brought in the Court of Claims. In *Conklin* v. *Palisades Interstate Park Comm.* (282 App. Div. 728), it was held that said commission was an instrumentality of the State and could be subject to suit only in the Court of Claims within the limitations of the Court of Claims Act. It is also noted that the claimant gives no excuse for failure to file a claim against the commission in which event the nominal irregularity could have been disregarded under the rule in *Tomlinson Bros.* v. *State of New York* (15 A D 2d 692). The most that can be said for the claimant's argument is that he was ignorant of the filing requirements, and it is well established that this is not a reasonable excuse. (*Landry* v. *State of New York,* 1 A D 2d 934, affd. 2 N Y 2d 927.) The Court of Claims did not abuse its discretion in dismissing the claim and denying the motion for leave to file a late claim. The cross appeal by the State requests a modification of the order for clarification. The order dismissing the claim omitted the words "medical expenses" and "hospital bills". As the clear intent of the order was to dismiss the entire claim of the claimant Juan Mercado, it should be and hereby is modified to include his claim for medical expenses and hospital bills. Order modified by including therein a dismissal of the claim of Juan Mercado for medical expenses and hospital bills incurred, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.