■ FRANCES DE MARCO, Respondent, v. STATE OF NEW YORK, Appellant.— Order unanimously reversed, without costs and application denied. Memorandum: On February 11, 1971 claimant was involved in an automobile accident with a vehicle owned by the State and driven by one of its employees. Within a week, claimant retained counsel who immediately contacted a representative of the insurance company which insured the State-owned vehicle. Nothing was done thereafter during the 90-day period provided for the filing of a claim against the State (Court of Claims Act, § 10) although there were subsequent conversations between the claimant's attorney and the adjustor employed by the State's insurance carrier with respect to this claim commencing on July 19, 1971. An application to file a late notice of claim was made in February, 1973 within a few days of the time when this claim would have been permanently barred by the two-year Statute of Limitations (Court of Claims Act, § 10, subd. 3). Section 10 of the Court of Claims Act provides that the timeliness of filing is a jurisdictional prerequisite to making a claim against the State and it must, therefore, be strictly construed (*Bommarito* v. *State of New York*, 35 A D 2d 458, 459). Subdivision 5 of section 10 of the act permits the court to grant an application for late filing, in its discretion, when claimant satisfactorily demonstrates: (1) a reasonable excuse for not filing within 90 days; (2) that the State, prior to the expiration of 90 days after the claim arose, had actual knowledge of the essential facts constituting the claim; and (3) that the State has not been substantially prejudiced by the delay in filing the claim. These requirements are stated conjunctively, hence, a failure to satisfy any one of them mandates the denial

of the application for late filing (*Crane* v. *State of New York*, 29 A D 2d 1001, 1002). The only reason advanced by claimant for failure to file timely was that she was lulled into a false sense of security by the actions and conduct of the State's insurance adjustor. The trial court specifically found, however, that the insurance adjustor had not intentionally gained the confidence of claimant's attorney or made any representations to him so as to deceive him. We conclude that the record here does not demonstrate a reasonable excuse for failure to file the claim within the 90-day period (see *Modern Transfer Co.* v. *State of New York*, 37 A D 2d 756) and that the trial court, therefore, incorrectly granted claimant's application to file a late notice of claim. (Appeal from order of Court of Claims permitting filing of claim.) Present — Marsh, J. P., Witmer, Cardamone, Simons and Henry, JJ.