## (January 17, 1974)

■ IRVING CANTOR, Respondent, v. STATE OF NEW YORK et al., Appellants. (Claim No. 52857.) — Appeal from an order of the Court of Claims, entered October 21, 1971, which denied a motion of the State of New York to dismiss the claim and granted claimant's cross motion to include the New York State Thruway Authority as a party defendant in the notice of intention to file a claim and the claim, *nunc pro tunc* as of the date upon which the notice of intention to file a claim was originally served. On January 30, 1969 claimant

sustained injuries as a result of an accident on the New York State Thruway. He served a notice of intention to file a claim upon the State of New York, the Attorney-General and the Court of Claims on March 17, 1969, and thereafter, on August 21, 1970, served a claim upon the Attorney-General and the Court of Claims, pursuant to section 11 of the Court of Claims Act. Each of these documents so served alleged that the accident occurred as a result of negligence in the maintenance of the Thruway and named only the State of New York as defendant. On October 28, 1971, six days prior to the scheduled trial of this matter, the Attorney-General moved to dismiss the claim for failure to state a cause of action against the State of New York. In an accompanying affidavit, he explained that the New York State Thruway Authority is a public corporation, independent of the State and solely liable for negligence in the maintenance of the Thruway. Since it had not been joined as a defendant in this matter, he reasoned that the court lacked jurisdiction over the only party who might ultimately be held liable for the alleged negligence. In response, claimant cross-moved to include the Authority as a party defendant. The trial court, finding that " defendant had sufficient notice " of the direct involvement of the Authority and that there had been substantial compliance with the Court of Claims Act, denied the State's motion to dismiss and granted claimant's cross motion. It declared, citing *Tomlinson Bros.* v. *State of New York* (15 A D 2d 692, 693), that the " mere nominal irregularity here involved should be disregarded." We disagree. While there are many similarities between the present situation and that in *Tomlinson Bros.* v. *State of New York* (*supra*), the cases are readily distinguishable. In both instances, claimants failed to include the Authority in the caption on the notice of intention to file a claim and on the claim itself. However, in the earlier case, the notice and claim were each initially served upon the Authority within the statutorily prescribed periods (Court of Claims Act, § 10, subd. 3), and the only " irregularity " to be " disregarded " was the defective caption. Here, on the other hand, we have more than a faultily prepared caption, as no service whatsoever was made upon the Authority within the required periods of time. Thus, to allow the inclusion of the Authority as a party defendant in this matter, the trial court must have concluded that service upon either the State of New York or the Attorney-General was the equivalent of service upon the Authority and constituted substantial compliance with the statutory dictates. This reasoning is clearly erroneous. The Authority is an autonomous public corporation, with an existence separate and independent from the State (*Matter of Plumbing, Heating, Piping and Air Conditioning Contrs. Assn.* v. *New York State Thruway Auth.*, 5 N Y 2d 420), and with the power to sue and be sued (Public Authorities Law, § 354, subd. 1). Additionally, while the Attorney-General may represent the Authority in legal matters (Public Authorities Law, § 362), he has never been designated, by appointment or statute, to accept service of process on the Authority's behalf. This being the case, it is well-settled law that service on some other person, such as the State of New York or the Attorney-General, does not serve to confer jurisdiction over the party to be served, the Authority, even though said party subsequently comes into possession of the process (*McDonald* v. *Ames Supply Co.*, 22 N Y 2d 111). The trial court lacked jurisdiction over the Authority and its order must be reversed. Order reversed, on the law, and claim dismissed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.