■ CARL ERCA et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 58867.)—Appeal from an order of the Court of Claims, entered February 7, 1975, which granted claimants' motion for permission to file a late amended claim against the State Thruway Authority pursuant to subdivision 5 of section 10 of the Court of Claims Act. The claimants, injured on August 9, 1974 in an automobile accident on the Tappan Zee

Bridge, filed a claim against the State of New York on November 7, 1974. Subsequently, claimants discovered that the Tappan Zee Bridge was part of the New York State Thruway system and thus subject to the jurisdiction of the New York State Thruway Authority. Accordingly, the claimants initiated a motion for permission to file a late amended claim on the Thruway Authority. This motion was granted and the instant appeal ensued. The original claim, though timely, was clearly ineffectual against the Thruway Authority (*Cantor v State of New York*, 43 AD2d 872). Claimants, however, offered two reasons for their failure to serve a timely claim upon the Thruway Authority; the disability of claimant Carl Erca, who was hospitalized for 76 days as a result of the accident, and inadvertence in believing that the Tappan Zee Bridge was a State roadway. The Court of Claims properly rejected the argument of inadvertence as constituting a reasonable excuse (*De Marco v State of New York*, 43 AD2d 786; *Crane v State of New York*, 29 AD2d 1001), but found that Carl Erca's serious injuries constituted a reasonable excuse permitting a late filing. The difficulty with this conclusion is that clearly it was not such injuries which brought about the filing of a late claim but the fact that the earlier claim was filed against the wrong party, the State and not the Thruway Authority. The error in filing the claim against the wrong party was, as noted, not excusable and being the reason that the claim was not timely filed, the excuse of untimeliness based on medical justification cannot stand (see *Crane v State of New York, supra*). Order reversed, on the law and the facts, and the claim dismissed, without costs. Herlihy, P. J. Greenblott, Koreman, Main and Reynolds, JJ., concur.