Edward J. Amann, Jr., J.
The claimants’ order to show cause designated M-17940 seeks to amend the original notice of claim (claim No. 58288) to include as a named defendant the "Jones Beach State Parkway Authority.” It also requests that filing and service be deemed valid nunc pro tunc. In the *932 alternative, the claimants seek leave to serve a notice of a claim on the Jones Beach State Parkway Authority. The defendant seeks an order denying claimants’ motion and by cross motion M-17949 seeks an order dismissing the claim for lack of jurisdiction over the subject matter and nonjoinder of an indispensable party.
The instant claims herein seek damages out of an accident which occurred on the Southern State Parkway on January 3, 1974.
The claimants filed their claims in the Court of Claims, on March 20, 1974 and served the Office of the Attorney-General on March 21, 1974 and on the Long Island State Park and Recreation Commission on March 20, 1974. However, the Jones Beach State Parkway Authority, which has jurisdiction and control over the area where the accident occurred, was never served.* The claimants, who designate their motion as one to amend the caption of the action, are seeking, in actuality, to file a late claim against the Jones Beach State Parkway Authority.
Under subdivision 5 of section 10 of the Court of Claims Act, which governs the filing of late claims, the court in its discretion may permit a claim to be filed without the 90-day period if: (1) there is a reasonable excuse for the failure to timely file the notice of intention; (2) the State or its appropriate subdivision had actual knowledge of the essential facts constituting the claim; and, (3) the State has not been substantially prejudiced.
The attorneys for the claimants explain their failure to serve the Jones Beach State Parkway Authority as resulting from the fact that they were unaware of who had jurisdiction over the area where the accident occurred. They further argue that "the Jones Beach State Parkway Authority and the Long Island State Park and Recreation Commission are either one and the same entity or share responsibility and control over the within section of the Southern State Parkway.”
The accident which gave rise to the instant claim occurred on January 3, 1974 on the Southern State Parkway approximately 100 feet west of Grand Avenue. This area is located *933 between the Belt Parkway connection and Wantagh Avenue. Under section 153-b (subd 2, par [a]) of the Public Authorities Law the Jones Beach State Parkway Authority has jurisdiction: "To reconstruct, widen and otherwise improve and thereafter maintain, reconstruct and operate (a) Southern state parkway, together with incidental parkway facilities now existing or hereafter constructed, on and along said parkway, from and including a connection with the Belt Parkway to Wantagh avenue”.
This section clearly establishes that the Jones Beach State Parkway Authority has jurisdiction and control over construction and reconstruction of the Southern State Parkway. Therefore, the failure of the claimants’ attorneys to realize that this authority was the proper party to be sued is not a reasonable excuse. (Mercado v State of New York, 29 AD2d 579.)
The next argument proffered by the attorneys for the claimants is that the Jones Beach Parkway Authority and the Long Island Park and Recreation Commission are: "either one and the same entity or share responsibility and control over the within section of the Southern State Parkway.” They buttress their argument by the facts that: (1) there is an interchange of both groups as indicated by the caption on blueprints submitted in an examination before trial, and (2) Peter Artim, an employee of the Long Island State Park and Recreation Commission stated that the Southern State Parkway was under the jurisdiction of his employer.
Viewing claimants’ first argument in its best light, the most that could be said is that both agencies may have appeared to have some degree of control. Under such circumstances the claimants should have named and served both agencies. By naming and serving only one agency they have made a choice, which they make at their own peril. Also aside from the jurisdiction granted under section 153-b (subd 2, par [a]) of the Public Authorities Law, which we have already quoted, subdivision 10 of section 153-b provides: "The authority shall have the right to possess and use for its corporate purposes * * * the parts of the parkways referred to in paragraph two of this section”.
This section is supplemented by section 163-a, which provides: "Exclusive jurisdiction is hereby conferred upon the court of claims to hear and determine the claims of any person against the authority (a) for its tortious acts and those *934 of its agents * * * All awards and judgments arising from such claims shall be paid out of monies of the authority.”
Also, although there exists a close relationship between the commission and the authority, they are still not one. As the cases have consistently held, agencies or authorities set up by the Legislature stand on their own feet and enjoy an existence separate and apart from others including the State. (Matter of Plumbing; Heating, Piping & Air-Conditioning Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420; Erca v State of New York, 51 AD2d 611.)
With regard to the statement by Mr. Artim, it came well after the 90-day period and therefore, in no way altered their decision not to serve the authority.
Based on all of the above, the court is forced to conclude that the failure to name and serve the authority resulted from ignorance of the law, which is not a reasonable excuse for a failure to properly file. (Modern Transfer Co. v State of New York, 37 AD2d 756.) Accordingly, the court denies the claimants’ motion and grants the State’s cross motion to dismiss the claims.

 The claimants’ argument that there was in effect a de facto service on the authority by virtue of service upon the Long Island State Park and Recreation Commission will be considered as an argument that a reasonable excuse for not properly filing existed pursuant to subdivision 5 of section 10 of the Court of Claims Act.