BARBARA C. MCCORMICK et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 58056-A.)

Third Department, January 29, 1976

*Richard S. Scanlan* for appellants.

*Louis J. Lefkowitz, Attorney-General (J. Lawson Brown* and *Ruth Kessler Toch* of counsel), for respondent.

GREENBLOTT, J. On August 31, 1973, while claimant Barbara McCormick was driving along the Taconic State Parkway, a rock from an embankment overlooking the highway fell onto the road immediately in front of her vehicle, causing an accident. Numerous injuries resulted. On November 28, 1973, claimants filed a claim against the State of New York alleging that they had sustained damages "by reason of the negligence of the State of New York in constructing, main-

taining and supervising the highway known as Taconic State Parkway".

The Taconic State Parkway was built in the 1930's by the State of New York. In 1960 the East Hudson Parkway Authority was created to operate and maintain various highways including the Taconic State Parkway system. (Public Authorities Law, art 2, tit 11.) The Court of Claims has been granted exclusive jurisdiction "to hear and determine claims of any person against the authority for *its* tortious acts and those of its agents in the construction, reconstruction, improvement, operation or maintenance of the Taconic state parkway system * * * in the same manner and to the extent provided by and subject to the provisions of the court of claims act with respect to claims against the state" (Public Authorities Law, § 469-a). In the present case no claim or notice of intention to file a claim was served on any officer of the East Hudson Parkway Authority within 90 days, as required by section 10 of the Court of Claims Act. The only service was upon the Attorney-General, who is not authorized to receive service on behalf of the East Hudson Parkway Authority. Subsequent to pretrial discovery proceedings, the State moved to dismiss the claim, and the claimants cross-moved for permission to amend their claim so as, *inter alia,* to include the East Hudson Parkway Authority as a defendant, and to allege negligence in design in addition to negligence in construction, maintenance and operation as a basis for their cause of action. The Court of Claims granted the motion to dismiss the claim and denied the claimants' motion to amend.

The Court of Claims found that claimants had failed to comply with the provisions of section 50-e of the General Municipal Law with regard to timely service. Section 50-e of the General Municipal Law is made applicable by section 469 of the Public Authorities Law which deals with liability of the East Hudson Parkway Authority for torts in connection with the Westchester County Parkway system. Liability for tortious acts dealing with the Taconic State Parkway is, as previously noted, dealt with under section 469-a which invokes the provisions of the Court of Claims Act. The result, however, is the same since the previously referred to section 10 of the Court of Claims Act requires service in a manner similar to the service required under the General Municipal Law, and in the instant case, since the requisite service was not had, it was proper for the court to dismiss the claim against the

defendant East Hudson Parkway Authority and to refuse to permit the claim to be amended to include the Authority as a defendant. (See *Cantor v State of New York,* 43 AD2d 872.)

We are of the view, however, that the Court of Claims erred in part in completely dismissing the claim against the State. The East Hudson Parkway Authority is an autonomous public corporation, with an existence separate and independent from the State, and with the power to sue and be sued (Public Authorities Law, § 453, subd 1; cf. *Cantor v State of New York, supra),* and, since it is the Authority which is statutorily bestowed with the power to maintain and operate the Taconic State Parkway, it is the Authority which must answer for negligence in the performance of those duties. The same is true, of course, for any construction, reconstruction, or the like of the Taconic State Parkway done *by the Authority.* In the present case, however, it is alleged that the claimants' injuries were the results of negligence in the parkway's initial construction prior to the authority's existence. Since that construction was done by the State of New York, and since the Authority is only liable for *"its* tortious acts and those of its agents" (Public Authorities Law, § 469-a), to hold that no cause of action for negligent construction is stated against the State would lead to the absurd and unintended result that negligence in the construction of the Taconic State Parkway prior to the date the Authority came into being is *damnum absque injuria.* We cannot reach such a conclusion. Such other defenses as the State may interpose need not detain us here; we merely hold that since the State is alleged to have been negligent in having constructed the highway in a manner resulting in claimants' injuries, a cause of action has been stated.

It is also alleged in the amended claim that the State was guilty of negligence in the design of the Taconic State Parkway. Since the facts giving rise to this claim are the identical facts which form the basis for the action based upon alleged negligent construction, and since no prejudice has been shown, this amendment should be permitted. Insofar as the claim alleges negligence in maintenance and operation, however, the motion to dismiss was properly granted.

Claimants also advance certain contentions regarding more specific amendments to this claim, and the propriety of certain requests for pretrial discovery. These issues were not resolved by the Court of Claims in view of its determination to dismiss

the action. In view of our disposition of this case, the claimants will not be entitled to discovery relating to their claims based upon alleged negligence in the maintenance and operation of the Taconic State Parkway, nor based upon their attempt to bring in the East Hudson Parkway Authority as a defendant. The remainder of claimants' motions are referred back to the Court of Claims for disposition.

The order should be modified, on the law and the facts, by reversing so much thereof as (1) granted the State's motion to dismiss the claim insofar as it asserts a cause of action based upon negligence in the construction of the Taconic State Parkway, and (2) denied the claimants' cross motion for permission to serve and file an amended claim asserting a cause of action based upon negligence in the design of the Taconic State Parkway; by vacating so much thereof as denied claimants' cross motion as sought permission to amend its claim in other respects, and remitting the matter to the Court of Claims for disposition thereof; and by vacating so much thereof as denied claimants' cross motion for pretrial discovery relating to causes of action based on alleged negligence in construction and design of the Taconic State Parkway, and remitting the matter to the Court of Claims for disposition thereof; and, as so modified, affirmed, without costs.

HERLIHY, P. J. (dissenting). However independent of the State the East Hudson Parkway Authority might be, insofar as the Taconic State Parkway system is concerned, section 469-a of the Public Authorities Law expressly provides that the instant case is to be brought in the Court of Claims. Furthermore, unlike the situation in *Cantor v State of New York* (43 AD2d 872) the said section 469-a expressly provides that any recovery "shall be paid out of the state treasury". (See 1963 Opns Atty Gen 59.) A consideration of section 469-a and title 11 of article 2 of the Public Authorities Law in its entirety makes it apparent that insofar as the Taconic State Parkway is concerned, the sole party in interest is the State of New York. Accordingly, the motion to dismiss should have been denied.

Furthermore, the record does not establish any prejudice to the State in regard to the proposed amended claim which the claimants sought to assert and the court erred in denying the motion to amend.

The remaining motions should be referred back to the Court of Claims for disposition. The order appealed from should be

reversed; the motion by the State to dismiss the claim denied; the motion by claimants to serve and file the amended claim granted; and the matter remitted for disposition of the remaining motions.

KOREMAN, MAIN and REYNOLDS, JJ., concur with GREEN-BLOTT, J.; HERLIHY, P. J., dissents and votes to reverse in an opinion.

Order modified, on the law and the facts, by reversing so much thereof as (1) granted the State's motion to dismiss the claim insofar as it asserts a cause of action based upon negligence in the construction of the Taconic State Parkway, and (2) denied the claimants' cross motion for permission to serve and file an amended claim asserting a cause of action based upon negligence in the design of the Taconic State Parkway; by vacating so much thereof as denied claimants' cross motion as sought permission to amend its claim in other respects, and remitting the matter to the Court of Claims for disposition thereof; and by vacating so much thereof as denied claimants' cross motion for pretrial discovery relating to causes of action based on alleged negligence in construction and design of the Taconic State Parkway, and remitting the matter to the Court of Claims for disposition thereof; and, as so modified, affirmed, without costs.