■ RICHARD LITTANZI et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Claim No. 58288.)—Appeal from an order of the Court of Claims, entered February 18, 1976, which granted a motion to dismiss the claim and denied a motion for leave to amend the notice of claim. Claimant seeks damages arising out of an accident which occurred on the Southern State Parkway on January 3, 1974 when the automobile being operated by claimant Richard Littanzi hit the wooden guardrails causing them to fragment and injure him. On March 20, 1974 claimants filed a claim in the Court of Claims and served a notice of claim upon the Long Island State Park and Recreation Commission (Commission) and the following day served a notice of claim upon the Attorney-General. The claim alleged negligence of the State, Commission and Department of Transportation in the ownership, operation, maintenance, control, design and construction of the Southern State Parkway. Respondent Jones Beach State Parkway Authority (Authority) was not named in the notice of claim nor served. In December, 1975 claimants moved to amend the original notice of claim to include the Authority as a party and requested that the claim be deemed validly filed and served thereon nunc pro tunc or in the alternative, that leave to file a late claim pursuant to subdivision 5 of section 10 of the Court of Claims Act be granted. The State cross-moved pursuant to CPLR 3211 to dismiss for lack of subject matter jurisdiction, and pursuant to CPLR 1003 to dismiss for misjoinder of parties and for failure to join a necessary and indispensable party. The Court of Claims denied claimants' motion on the ground claimants failed to show a reasonable excuse for not timely filing. The State's cross motion was granted and this appeal ensued. The Court of

Claims has exclusive jurisdiction to hear tort claims against both the State and the Authority (NY Const, art VI, § 9; Court of Claims Act, § 9; Public Authorities Law, § 163-a). The instant notice of claim, however, as to the Authority, was not timely filed pursuant to subdivision 3 of section 10 of the Court of Claims Act. Since the Authority is an autonomous public corporation with an existence separate and independent from the State, service on the Attorney-General did not confer jurisdiction over the Authority. This is so even though they are, in many respects, clearly related and possibly shared responsibility and control over the portions of the highway in question. Consequently, the court lacked jurisdiction over the claim as against the Authority and properly denied permission to amend the claim (see *McCormick v State of New York,* 51 AD2d 28; *Cantor v State of New York,* 43 AD2d 872). Furthermore, claimant's failure to realize the Authority's jurisdiction over the area where the accident occurred was insufficient to constitute a reasonable excuse justifying late filing and, therefore, the court properly refused permission to file a late claim *(Erca v State of New York,* 51 AD2d 611). We now pass to a consideration of whether the claim was properly dismissed. The court concluded that the claim was defective for failure to join a necessary and indispensable party. We disagree. Even though the Authority has jurisdiction over the area in question (Public Authorities Law, § 153-b, subd 2, par [a]), the claim alleges that the Commission and the State designed, constructed and maintained the median guardrails. At this state of the proceedings we are not concerned with what claimants can prove, but with what they have alleged and we must assume the allegations to be true *(Hart v City of Glens Falls,* 8 AD2d 654, 655). Accepting claimant's allegations as true, the Authority and the Commission would be deemed joint tort-feasors. As such, the Authority would not be an indispensable party *(Siskind v Levy,* 13 AD2d 538). An examination of the claim compels us to conclude that it states a cause of action. Subdivision 5 of section 153 of the Public Authorities Law grants the Authority the power to authorize the making of improvements by the Commission and with the Commission's consent to use the agents, employees and facilities of the Commission. This being so, it is conceivable that claimants could prove their cause of action as alleged against the State. The claim, therefore, should not have been dismissed. Order modified, on the law and the facts, by reversing so much of the order as granted the motion to dismiss, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur. [85 Misc 2d 931.]