◼ JAMES E. GIBSON, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59090.)—Appeal from orders of the Court of Claims, entered October 20, 1976, which denied defendant's motion to dismiss claimant's claim as untimely filed and granted claimant's motion for an examination before trial. On June 18, 1973 claimant filed a notice of intention to file claim for personal injuries and property damages incurred on January 31,

1973 in the garage at the Harlem Valley State Hospital, where claimant was employed. On the night of January 31, 1973 claimant, who was off duty, became inebriated, parked his car in a parking lot of a post office near the hospital and fell asleep. Fellow employees, upon being advised of this situation, drove claimant's car to the hospital garage and parked it with claimant still in it. Some time later claimant awoke, started his car and collided with a wall of the garage and another car. Claimant allegedly sustained a fractured skull for which he was hospitalized until February 17, 1973 and confined to his home until March 6, 1973. On January 29, 1975 he filed a claim which was served on the Attorney-General on January 31, 1975. On June 14, 1976 claimant moved for an examination before trial, the return date of the motion being August 10, 1976. On August 30, 1976 the State moved for an order dismissing the claim as untimely on the ground that no claim or notice of intention to file claim had been filed within 90 days after the accrual of the claim, the notice of intention to file claim having been filed 138 days after accrual of the claim. On October 12, 1976 the State's motion to dismiss the claim was denied, without prejudice to renew the motion upon trial, and claimant's motion for an examination was granted. These orders dated October 19, 1976 were entered on October 20, 1976. In his affidavit in opposition to the motion to dismiss, dated September 30, 1976, claimant said he had a reasonable excuse for the late filing due to the serious injuries and amnesia he suffered, and that it was not until June 2, 1973 that his attorney had sufficient facts to prepare the notice of intention to file claim. He also said that a workers' compensation form had been filed by his employer, and that it was not until June 2, 1973 that the attorney, hired in March, 1973 to represent claimant at a workers' compensation hearing, ascertained the facts surrounding the accident and that claimant's compensation claim was being controverted. In addition, claimant stated that he had a meritorious cause of action and that the State was not prejudiced by the late filing. Claimant's affidavit concluded with a request that the June 18, 1973 notice of intention to file a claim be deemed timely filed. Subdivision 3 of section 10 of the Court of Claims Act requires that a claim for personal injuries must be filed within 90 days after the accrual of the claim, unless claimant files a notice of intention to file a claim within said 90 days, in which event he has two years to file the claim. Subdivision 5 of section 10 of the Court of Claims Act, in effect until August 31, 1976, provided that, in the event of a failure to file a claim or notice of intention to file a claim within 90 days after the accrual of the claim, the claimant, in the discretion of the court, could be permitted to file such claim at any time within two years after the accrual thereof by application for such permission upon motion based upon affidavits showing a reasonable excuse for failure to file, and that the State had actual knowledge of the essential facts constituting the claim within the 90-day period. No such application was to be granted if the court found that the State had been substantially prejudiced by the failure to file a notice of intention within the time limited therefor. The last sentence of subdivision 5 provided that if a claimant was under legal disability the claim could be presented within two years after such disability was removed. Subdivision 5 was amended effective September 1, 1976 and now contains only the last sentence of former subdivision 5. The remaining subject matter of former subdivision 5 was also amended and is now contained in subdivision 6 of section 10, which provides, in part, as follows: "A claimant who fails to file a claim or notice of intention, as provided in the foregoing subdivisions, within the time limited therein for filing the claim or notice of intention, may, nevertheless, in the discretion of

the court, be permitted to file such claim at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules. * * * The application for such permission shall be made returnable at any regular or special session of the court and may be heard and determined by any judge thereof. The claim proposed to be filed, containing all of the information set forth in section eleven of this act, shall accompany such application. In determining whether to permit the filing of a claim pursuant to this subdivision, the court shall consider, among other factors, whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file a timely claim or notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy." The former subdivision 5 and the present subdivision 6 contemplate a formal application to the court for permission to file and serve a late claim. In the instant case, no such formal application has been made. Assuming that such an application may be made by affidavit in opposition to a motion to dismiss, the earliest date upon which claimant's application could be considered to have been made is the date of the affidavit, September 30, 1976. This claim having accrued on January 31, 1973, the application for leave to file and serve a late claim was not made within two years of the accrual of the claim as required by former subdivision 5 of section 10 of the Court of Claims Act and therefore was not timely. Claimant asserts that he suffered from amnesia as the result of the occurrence. Assuming that such disability could be established by medical evidence and was a legal disability within the meaning of both the former and new subdivision 5 of section 10, the claimant's application to file a late claim still cannot be considered as having been timely made, since admittedly he and his attorney became aware of all the facts in the month of June, 1973 and the claimant's application for permission to file a late claim was based on his affidavit dated September 30, 1976, more than three years after the removal of the disability. In *Sessa v State of New York* (63 AD2d 334), this court has held that the 1976 amendments to subdivision 6 of section 10 of the Court of Claims Act should be given only limited retroactive effect and that if a claim was barred on the effective date of these amendments (Sept. 1, 1976) it was beyond the power of judicial recall (see *Matter of Beary v City of Rye,* 44 NY2d 398). Under the 1976 amendments, a claimant's application for permission to file a late claim has to be made within the same period of limitation that he would have under the CPLR to bring a similar claim against a citizen of the State. In the present case, an application for leave to file and serve a late claim should have been made on or before February 1, 1976 to comply with the present terms of subdivision 6, and the application for permission to file a late claim having been made on September 30, 1976, was, therefore, not timely made. The time limitations in the Court of Claims Act are jurisdictional and should be strictly construed *(Andriola v State of New York,* 53 AD2d 966; *Dependable Trucking Co. v New York State Thruway Auth.,* 41 AD2d 985; *Bommarito v State of New York,* 35 AD2d 458; *Walach v State of New York,* 91 Misc 2d 167). Orders reversed, on the law and the facts, without costs, and claim dismissed. Greenblott, J. P., Sweeney, Staley, Jr., Larkin and Mikoll, JJ., concur.