■ JOSEPH LURIE, Individually and as Administrator of the Estate of MIRIAM LURIE, Deceased, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 59811.)—Appeal from a judgment of the Court of Claims, entered January 17, 1979, which granted the State's motion to dismiss the claim. The claim herein alleges that decedent's death on May 14, 1975 was caused by the negligence of the respondent. The motion to dismiss was based on the fact that the claim was not filed until November 25, 1975, more than 90 days following claimant's appointment as administrator. The notice of intention to file a claim was not filed with the clerk of the Court of

Claims as required by the statute, but only with the office of the Attorney-General. An affirmance is required. The filing requirements of subdivision 2 of section 10 and section 11 of the Court of Claims Act are jurisdictional in nature and, therefore, must be strictly construed *(Buckles v State of New York,* 221 NY 418, 423-424; *De Marco v State of New York,* 43 AD2d 786, affd 37 NY2d 735). Claimant's failure to timely file a notice of intention or a claim with the clerk of the Court of Claims within 90 days of his appointment as administrator of the decedent's estate cannot be excused on the ground that the State was not prejudiced thereby *(Matter of Welch v State of New York,* 71 AD2d 494; cf. *Dimovitch v State of New York,* 33 AD2d 146, 149). In the absence of legislative change, this court is not free to dispense with statutory jurisdictional requirements under principles of "abstract justice fitting the particular case" (see *Ponsrok v City of Yonkers,* 254 NY 91, 95). Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney and Staley, Jr., JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Shortly before trial was to commence, it was discovered that according to the records of the Court of Claims no notice of intention to file a claim had been filed with the clerk in this case. The claim had not been filed until November 25, 1975, which was more than 90 days after claimant had been appointed administrator. The court granted the Attorney-General's motion to dismiss, ruling that it lacked jurisdiction because the notice had never been received by the clerk. It is conceded that the claim was filed with both the clerk and the Attorney-General within two years of decedent's death and that the Attorney-General received timely notice of intention. It is well settled that "the purpose of the requirement of filing either the claim or a notice of intention within 90 days is to give the State prompt notice of certain particulars of the alleged occurrence" *(Matter of Johnson v State of New York,* 49 AD2d 136, 137-138). The Attorney-General's office performs the functions of investigation and defense of claims, not the clerk of the Court of Claims who merely directs the machinery by which a claim is prosecuted once filed *(Garrette v State of New York,* 197 Misc 842; *Diamond v State of New York,* 147 Misc 706, 708). The State herein was not harmed by the failure to file with the clerk of the court. It lost no advantage by such failure. The purpose of the prompt notice statute has been satisfied in this case. The judgment should, therefore, be reversed, and the claim reinstated.