■ FRANK CALDERAZZO, Appellant, v STATE OF NEW YORK et al., Respondents. (Claim No. 62351.)—Appeal from an order of the Court of Claims, entered October 10, 1978, which dismissed the claim against the State of New York and the State Department of Transportation* as untimely. On May 6, 1977, claimant sustained personal injuries when the vehicle he was operating was allegedly caused to leave a State highway and strike a telephone pole because of poor highway maintenance. A notice of claim was served on the Attorney-General on July 12, 1977. No copy of this notice or a notice of intention was served on the Clerk of the Court of Claims. A year later a claim was filed with the court. On September 18, 1978, the State and the Department of Transportation moved to dismiss the claim on the ground that no claim or notice of intention was ever timely filed with the court. The motion was granted and this appeal ensued. Claimant's contention that the 1976 amendment to the Court of Claims Act (L 1976, ch 280, § 2) presently permits leave to late file a claim or notice when the State has notice of the essential facts constituting the claim, has had an opportunity to investigate

---

* DOT misnamed New York State Highway Department in title of claim.

the circumstances underlying the claim, and, accordingly, has suffered no prejudice, is meritless, where, as here, no application for such permission has been made (Court of Claims Act, § 10, subd 6). Such application can be made "at any time before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice laws and rules" (Court of Claims Act, § 10, subd 6). Next, claimant's affidavit in opposition to the motion to dismiss contains no request for permission to file late. The averments therein seek to persuade the court that timely service of the claim on the Attorney-General is enough to satisfy the statutory requirements. We cannot agree. The requirements for service on the Clerk of the court and the Attorney-General are conditions precedent and the court cannot accept jurisdiction in the absence of compliance *(Lurie v State of New York,* 73 AD2d 1006; *Gibson v State of New York,* 64 AD2d 790).* Order affirmed, with costs. Mahoney, P. J., Kane, Main, Mikoll and Herlihy, JJ., concur.