■    KENNETH DOWNES, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 60814.)—Appeal from an order of the Court of Claims, entered December 14, 1978, which denied claimant permission to file a late claim and dismissed the claim. The facts are undisputed. On October 24, 1975, claimant filed a notice of intention to file a claim, alleging that on January

17, 1975, he had been assaulted by a former patient at a State mental hospital. The notice of intention was thus not filed within the requisite 90-day period (Court of Claims Act, § 10, subd 3). On January 14, 1977, a claim was filed with the Clerk of the Court of Claims which sought to recover damages caused by the alleged negligence of the State in failing to provide proper care and custody to the assailant. On September 19, 1978, the State moved to dismiss the action on the ground that the notice of intention had not been filed timely, and in an opposing affidavit dated October 3, 1978, claimant requested permission for late filing. The failure to comply with the filing requirements of section 10 of the Court of Claims Act, which are jurisdictional and must be strictly construed, cannot be excused on the ground that the State was not prejudiced *(Lurie v State of New York,* 73 AD2d 1006; *Matter of Welch v State of New York,* 71 AD2d 494). Subdivision 6 of section 10 of the Court of Claims Act requires that permission to file a late notice of intention be sought "at any time before an action asserting a like claim against a citizen of the state would be barred" under the CPLR. Here, the applicable Statute of Limitations for negligence is three years (CPLR 214). Claimant's application for permission to file late was not made until October 3, 1978, the date of his opposing affidavit in which he made the application (see *Gibson v State of New York,* 64 AD2d 790, 792), or more than three years after the cause of action accrued. The court was, therefore, without jurisdiction over the subject matter of the action *(Gibson v State of New York, supra; Saffioti v State of New York,* 36 AD2d 666). Order affirmed, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.