■ MARIE V. BONAVENTURE, Appellant, v NEW YORK STATE THRUWAY AUTHORITY et al., Respondents. (Claim No. 67478.) — Main, J. Appeals (1) from an order of the Court of Claims (Murray, J.), entered June 28, 1983, which, *inter alia,* denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim, and (2) from an order of said court, entered January 27, 1984, which denied claimant's motion to renew.

Claimant was a passenger in an automobile driven by her brother-in-law as it proceeded south on Interstate Route 87 on April 6, 1982. At about 7:00 A.M. during a snowstorm and while claimant was sleeping, this vehicle collided with the rear end of a southbound saltspreader truck owned by the New York State Thruway Authority (Authority) and being operated by its employee, Bruce Waldorf. As a result of the accident, claimant received personal injuries and, on June 4, 1982, filed a notice of intention to file a claim with the Court of Claims and in the office of the Attorney-General. The claim itself was not served upon the Authority until January 13, 1983, and a verified claim was filed with the Court of Claims and served upon the Attorney-General on March 7, 1983 and upon the Authority on March 14, 1983. On February 3, 1983, the Authority served its answer in which it set forth four affirmative defenses, which included a lack of jurisdiction. Claimant countered, on February 28, 1983, by moving for an order striking the defense of lack of jurisdiction or, in the alternative, for permission to file a late notice of claim

upon the Authority. The Authority cross-moved for an order dismissing the claim. By order entered June 28, 1983, the Court of Claims denied claimant's motion and granted the Authority's cross motion after finding claimant's affidavit of merit to be entirely hearsay and, therefore, inadequate. Thereafter, on August 16, 1983, claimant renewed her motion for permission to file a late notice of claim and included an affidavit of the driver of the passenger car, her brother-in-law. The court considered this move as an application for an order permitting the late filing of a claim pursuant to Court of Claims Act § 10 (6) and denied the application by order entered January 27, 1984 upon the ground, *inter alia,* that a meritorious cause of action had not been demonstrated. From these orders, claimant appeals.

Claimant's primary contention, that jurisdiction was obtained over the Authority by the aforementioned method of service, is wholly without merit. It is well and long settled that the Authority is "an autonomous public corporation, with an existence separate and independent from the State (*Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth.,* 5 NY2d 420)" (*Cantor v State of New York,* 43 AD2d 872, 873), and with the power to sue and be sued (Public Authorities Law § 354 [1]). While the Attorney-General may represent the Authority in legal matters (Public Authorities Law § 362), he has never been designated, by appointment or statute, to accept service of process on the Authority's behalf (*Cantor v State of New York, supra,* p 873). Accordingly, service on the Attorney-General does not confer jurisdiction upon the Authority (*Littanzi v State of New York,* 54 AD2d 1043; *Erca v State of New York,* 51 AD2d 611, *affd* 42 NY2d 854; *Cantor v State of New York, supra*). This is so even though the party subsequently comes into possession of the process (*McDonald v Ames Supply Co.,* 22 NY2d 111). *Littanzi* (*supra*) and *Cantor* (*supra*) are clearly indistinguishable from the case at bar and the failure to serve the Authority with the notice of intention to file a claim within the prescribed time limitations (*see* Court of Claims Act § 10 [3]) resulted in a failure to acquire jurisdiction over the Authority.

Lastly, claimant's contention that the Court of Claims abused its discretion when denying claimant's application to file a late claim is without merit. Court of Claims Act § 10 (6) enumerates factors to be considered and such applications are addressed to the broad discretion of the Court of Claims (*Block v New York State Thruway Auth.,* 69 AD2d 930). Hence, our authority to reverse is limited to those situations where the court's discretionary power has been clearly abused (*supra*). Consideration of

the factors reveals an insufficient excuse for the delay in filing, questionable merit to the claim and the likelihood of another available remedy. Thus, it cannot be said that the court "clearly abused" its discretionary powers.

Orders affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.