■ MARK L. KLOPFLE, Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 73461.)—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Defendant appeals from an order of the Court of Claims denying its motion to dismiss the claim for lack of proper and timely service upon defendant. Claimant timely filed a copy of his claim upon the State Attorney-General and upon the Clerk of the Court of Claims, but failed to serve a copy of the claim upon the Thruway Authority within 90 days of accrual of the claim, as required by Court of Claims Act § 10 (3) and § 11 and Public Authorities Law § 361-b, as those statutes have been interpreted *(see, e.g., Bonaventure v New York State Thruway Auth.,* 108 AD2d 1002, 1003). The Assistant Attorney-General subsequently forwarded a copy of the pleadings to the Thruway Authority, but it did not receive them until September 5, 1986, after the expiration of the 90-day period governing service. The Thruway Authority notified the Attorney-General of the defective and untimely service. Consequently, the answer prepared by the Assistant Attorney-General on behalf of the Thruway Authority alleged, as a third affirmative defense, that the court lacked jurisdiction because of claimant's failure to file and serve the claim upon the Thruway Authority.

Approximately 2-½ years later, in an affidavit in support of an unrelated motion to dismiss, the Assistant Attorney-General mistakenly averred that the claim had been served upon the Thruway Authority on September 5, 1986. That motion to dismiss was denied. Approximately one year later, after the expiration of the three-year period in which the Court of Claims had discretion to permit late service of the claim, the Thruway Authority made the instant motion to dismiss for lack of proper and timely service. The court denied the motion to dismiss. Although the court recognized that the failure to make timely and proper service upon the Thruway Authority resulted in a nonwaivable lack of subject matter jurisdiction, the court nonetheless held that defendant was estopped from asserting the jurisdictional defect.

We reverse the order appealed from and grant defendant's motion to dismiss for lack of subject matter jurisdiction *(see, Finnerty v New York State Thruway Auth.,* 75 NY2d 721). Assuming, arguendo, that the doctrine of estoppel may be applied against the Thruway Authority to excuse claimant's failure to comply with the requirements for service *(contra, see, Matter of Welch v State of New York,* 71 AD2d 494, 499; *see also, Finnerty v New York State Thruway Auth., supra; Byrne v State of New York,* 104 AD2d 782, 784; *Lurie v State of New York,* 73 AD2d 1006, 1007, *affd* 52 NY2d 849; *see generally,* Siegel, NY Prac § 8, at 10; *Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *cert denied and appeal dismissed* 488 US 801; *Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369), estoppel is not applicable in the circumstances of this case. There is no proof of a detrimental change of position by claimant as a result of the Assistant Attorney-General's erroneous averment. Claimant's failure to make timely and proper service upon defendant was not caused by anything that defendant did or said, but by his disregard of well-established law governing service. Further, because defendant's answer contained a jurisdictional defense that should have put claimant on notice of the lack of proper and timely service, claimant cannot show actual, reasonable, or justifiable reliance on the subsequent erroneous statement by the Assistant Attorney-General. (Appeal from Order of Court of Claims, McMahon, J.—Dismiss Complaint.) Present— Doerr, J. P., Denman, Green, Lawton and Davis, JJ.