OPINION OF THE COURT
Donald J. Corbett, Jr., J.
The claimant has moved to dismiss the second, third, and fourth affirmative defenses set forth in the defendant’s answer, and the defendant has cross-moved for an order dismissing the amended claim. Claimant also seeks an order amending the notice of intention to name the New York State Thruway Authority (hereinafter Thruway Authority) as a party defendant.
Claimant alleges that he was injured on October 27, 1990, when he fell from a scaffold while he was painting the eastbound approach of the Tappan Zee Bridge. He alleges that the scaffolding was not properly erected and that he was not provided with adequate safety devices.
On December 27, 1990, a notice of intention was served upon the Attorney-General and filed with the clerk of the Court of Claims, and on December 28th, a copy was served on the Thruway Authority. Although the notice of intention was addressed to the Thruway Authority, as well as the clerk of the court, the Attorney-General, and the Department of Transportation, it contained no allegations directed against *907 the Thruway Authority. After describing the accident, and specifying its location underneath the Tappan Zee Bridge, claimant alleged that his injuries were the result of a violation of the Labor Law and the negligence of the State of New York. Additionally, the caption named only the State of New York as a defendant, notwithstanding that the Tappan Zee Bridge is part of the Thruway (see, 21 NYCRR 102.1 [a] [15]), and that the Thruway Authority is an independent entity wholly distinct from the State of New York (Public Authorities Law § 352; Easley v New York State Thruway Auth., 1 NY2d 374).
On July 23, 1991, a claim was served upon the Thruway Authority and the Attorney-General, and it was filed with the clerk on July 25, 1991. Like the notice of intention, the sole named defendant was the State of New York, although the claim did state that the notice of intention had been served upon the Thruway Authority and specified the place of the accident on the Tappan Zee Bridge near milepost 16.18. The answer filed by the State of New York alleged that the court lacked jurisdiction over the defendant and that it did not own, operate or maintain the Tappan Zee Bridge.[2]
Thereafter, on September 5, 1991, claimant interposed an amended claim in which he amended the caption to reflect two defendants, the State of New York and the Thruway Authority. However, the allegations of the amended claim remained the same as in the original claim, i.e., the amended claim alleged negligence on the part of the State, but not on the part of the Thruway Authority. The Thruway Authority interposed an answer containing three jurisdictional defenses: (1) that the court lacks personal jurisdiction over the Thruway Authority (hereinafter defendant) because of improper service or failure to serve the notice of intention and the claim; (2) that the court lacks subject matter jurisdiction as the result of claimant’s failure to properly and timely serve a notice of intention on the Thruway Authority and claimant’s "unauthorized, improper, [and] untimely” service of an amended claim; and (3) that the claim is barred by the Statute of Limitations as the result of such alleged defects in service and pleading. It is these affirmative defenses that claimant seeks dismissed. Defendant, on the other hand, maintains that the amended *908 claim should be dismissed on the ground of jurisdictional infirmity.
The defendant initially argues that the service of the notice of intention and the claim upon the Thruway Authority by certified mail, return receipt requested, contravened the relevant portions of the Public Authorities Law and the CPLR which require that such service be made by personal delivery. Defendant relies on Public Authorities Law § 352, which provides that the Thruway Authority is a "board”, and CPLR 312, which articulates the manner of personal service upon a board. Defendant alleges that the Thruway Authority’s bylaws specify those individuals authorized to receive personal service of legal process. According to this argument, the instant claim is jurisdictionally defective because the notice of intention and the claim were served by certified mail, return receipt requested, rather than by personal delivery to an authorized agent of the Thruway Authority, which defendant maintains is the sole legally sufficient method of acquiring jurisdiction over it.
It is beyond cavil that the Thruway Authority is "an autonomous public corporation, with an existence separate and independent from the State” and that service of process upon the State of New York is insufficient to acquire jurisdiction over it (Cantor v State of New York, 43 AD2d 872, 873; MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth., 123 Misc 2d 307). Therefore, the grant of jurisdiction upon the Court of Claims to hear and determine claims against the Thruway Authority "in the same manner and to the extent provided by and subject to the provisions of the court of claims act with respect to claims against the state” (Public Authorities Law § 361-b), does not obviate the necessity of serving the Thruway Authority with a claim which purports to seek damages against it, despite the failure of the Court of Claims Act, or any statute, to specifically require such service (Bonaventure v New York State Thruway Auth., 108 AD2d 1002).
The question before me is not whether the Thruway Authority must be served, but rather how must such service be effectuated? Court of Claims Act § 11 (a) provides that a claim or notice of intention must be filed with the clerk of the court and "served personally or by certified mail, return receipt requested, upon the attorney general”. Defendant maintains that the alternate method of service, certified mail, return receipt requested, applies only to service upon the *909 Attorney-General, and that the Thruway Authority must be served by personal delivery. The only support for this contention is in the characterization of the Thruway Authority as a "board” (Public Authorities Law § 352) and the statutory instruction as to how to effect "personal service” upon a board (CPLR 312). I find that defendant’s attempt to engraft an element of exclusivity onto the procedure described in CPLR 312 ascribes an intention to the Legislature that did not exist, and also runs afoul of a number of basic principles of statutory construction.
There are two gaps in the statutory scheme that confers Court of Claims jurisdiction over the Thruway Authority. Not only is there no statute that requires service upon the Thruway Authority, there is a fortiori no statutory mandate that clearly sets forth the manner of such service. However, there is the direction that claims against the Thruway Authority are to be heard "in the same manner” as claims against the State and "subject to” the provisions of the Court of Claims Act (Public Authorities Law § 361-b). Thus, while Court of Claims Act § 11 (a) only refers to service by certified mail, return receipt requested "upon the attorney general”, its silence with respect to claims against the Thruway Authority should not be construed to exclude that method of service.
The primary consideration in the construction of statutes is to ascertain and give effect to the intent of the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes §92 [a]). Statutes in pari materia are to be construed together, as if part of the same statute, so as to achieve uniformity of construction and harmonious application (id., § 221). There is no support for the notion that the Legislature intended to make a distinction in the manner of service of a claim against the Thruway Authority as distinguished from a claim against the State; or that when it authorized service upon the Attorney-General by certified mail, return receipt requested, the Legislature intended to exempt those few entities, other than the State, that are subject to the jurisdiction of the Court of Claims. Indeed, the Memorandum of the Office of Court Administration in support of Laws of 1984 (ch 427), the legislation that amended Court of Claims Act § 11, to authorize service by certified mail, return receipt requested, states "[t]his measure clarifies and simplifies service procedures in the Court of Claims” (1984 McKinney’s Session Laws of NY, at 3868; emphasis supplied).
CPLR 312 no more requires personal service upon the *910 Thruway Authority than CPLR 307 requires personal service upon the State. Describing the method for personal service is not equivalent to commanding that it is the sole permissible means of service (cf., McKinney’s Cons Laws of NY, Book 1, Statutes § 173). Defendant misconstrues the elemental distinction between statutory delineation and statutory mandate. The only result that is consistent with the rules governing statutory analysis, and that harmonizes the pertinent provisions of the Public Authorities Law, the Court of Claims Act, and the CPLR, is the conclusion that Court of Claims Act § 11 (a), authorizing service by certified mail, return receipt requested, applies to the Thruway Authority as well as to the Attorney-General.
In Muller v State of New York (108 AD2d 181, revd on other grounds sub nom. Matter of Friedman v State of New York, 67 NY2d 271) the Appellate Division, Second Department, was faced with the interpretation of a portion of Court of Claims Act § 11 which has since been repealed.[3] Although the claimant therein had failed to serve the Thruway Authority, the clerk had timely forwarded a copy of the claim to the Thruway Authority. The Appellate Division, in sustaining the jurisdiction of the court, held as follows: "Although the former provisions of Court of Claims Act § 11 refer only to the Attorney-General and not to any other agency that might be the subject of a claim, in the absence of any statute requiring or describing service upon the Authority, the procedures applicable to service upon the Attorney-General should be applied when the claim is against some agency other than the State itself. Since the effect of the judicial gloss we have mentioned is the insertion of a requirement in Court of Claims Act § 11 that service be effected upon the Authority as well as the Attorney-General, the benefits as well as the burdens of that statute should be conferred upon prospective claimants.” (108 AD2d 181,184-185, supra.)[4]
This reasoning applies with equal force to the issue pres *911 ently before me, notwithstanding the repeal of the specific statutory provision in question in Muller (supra). Accordingly, the defendant’s contention that the instant claim is jurisdictionally defective because it was not properly served must be, and hereby is, rejected.
Defendant’s jurisdictional attack on the instant claim is also based upon the contents of the notice of intention and the claim, specifically, the failure of these documents to identify the Thruway Authority as a named defendant. However, it has often been held that, where the proper party defendant has been served with the relevant pleading, the failure to properly identify the defendant is a procedural irregularity that may be disregarded (Tomlinson Bros. v State of New York, 15 AD2d 692; Schwartzberg v State of New York, 121 Misc 2d 1095, affd on opn below 98 AD2d 902). The relevant test to be applied was set forth in Matter of Great E. Mall v Condon (36 NY2d 544), viz., did the proper defendant receive adequate notice of the commencement of the proceeding, and would any substantial right of the defendant be prejudiced by disregarding the failure to accurately identify it in the pleading?
In the claim at bar, the service of the notice of intention and the claim upon the Thruway Authority satisfies the first prong of this test. On the issue of prejudice, although the Thruway Authority was not named as the entity responsible for the allegedly tortious conduct in the body of either document, the location of the accident on the Thruway was clearly set forth in both documents, down to the specific milepost; and, of course, the officers and employees of the Thruway Authority know better than anyone else that it is they, and not any employees, agents or officers of the State of New York, who own and operate the Thruway. Indeed, defendant does not even hint at any prejudice arising from the failure of the notice of intention and the claim to allege negligence against it.
I find that the failure of the notice of intention and the claim to name the Thruway Authority does not create a jurisdictional infirmity, but rather a procedural defect that, in the interest of justice, should be disregarded. Finally, the amended claim was timely interposed within 40 days after service of the answer (22 NYCRR 206.7 [b]).
Accordingly, the claimant’s motion to strike the second, third, and fourth affirmative defenses is granted, and the *912 defendant’s cross motion to dismiss the amended claim is denied. The reference in paragraph "9” of the amended claim to "the State” is hereby changed to "the New York State Thruway Authority.” The application to amend the notice of intention is denied as moot.

. The claim against the State of New York was dismissed on the ground that the Thruway Authority, and not the State of New York, is solely responsible for the site of the alleged accident.

. Prior to its amendment by Laws of 1984 (ch 427), section 11 provided that the claimant’s failure to serve the Attorney-General may be excused if the clerk shall have timely delivered a copy of the claim or notice of intention to the Attorney-General. The amendment eliminated this provision.

. Although the Second Department sustained the jurisdiction of the Court of Claims, it reversed on the substantive issue of liability and dismissed the claim. The Court of Appeals reversed and reinstated the trial court’s finding of liability, necessarily agreeing with the Appellate Division’s finding on the jurisdictional issue.