OPINION OF THE COURT
Gerard M. Weisberg, J.
As a result of some ill-defined academic dispute between claimant, Louis L. Ibekweh, and City College of the City of New York (CCNY), a senior institution of the City University of New York (CUNY) which, according to claimant, accrued *711 on December 30, 1990, claimant served a claim on the office of the Attorney-General on March 5, 1991 and filed it with the clerk of this court on March 11, 1991. The sole defendant named in the caption is the State of New York. Claimant now moves to amend the caption to either substitute CCNY for the State or to add it as an additional defendant.
Where an entity has been properly served with a pleading such that although omitted from its caption, the recipient reasonably should have been put on notice that it was a target of the lawsuit, jurisdiction is acquired and the error of the caption may be treated as a mere irregularity. (See, Schwartzberg v State of New York, 121 Misc 2d 1095, affd on opn below 98 AD2d 902; Martino v New York State Thruway Auth., 154 Misc 2d 905; Bryan v Uniform Ct. Officers, NYLJ, Jan. 27, 1993, at 24, col 1.) Thus, had CUNY been served with the claim, since the allegations therein could be directed at it and only it, either its substitution or addition to the caption would have been appropriate.
CUNY, however, is an entity independent of the State (Education Law § 6224 [4]) and must therefore be served independently of it (Brinkley v City Univ., 92 AD2d 805). Moreover, by statute, the entity responsible for the torts, committed within the scope of their employment, of the agents and employees of the four-year colleges of CUNY is CUNY and not the individual institutions by which they were employed. Thus, CCNY is an improper defendant in this court, the real party in interest being CUNY. (See, Education Law § 6224 [4]; 2641 Concourse Co. v City Univ., 137 Misc 2d 802, affd on opn below 147 AD2d 379.) Since there was no evidence submitted that CUNY (or CCNY) was ever served with the claim, to allow CUNY’s substitution or addition (even treating the application as being directed to CUNY and not CCNY) would be to confer jurisdiction where none existed, and despite claimant’s failure to have complied with the statutory requirements for its creation, to wit, a timely served claim. (See, Court of Claims Act §§ 10, 11; see also, Brinkley v City Univ., 92 AD2d 805, supra.)
The motion is therefore denied, such being without prejudice to claimant’s moving timely for permission to file a late claim pursuant to Court of Claims Act § 10 (6) against CUNY. The foregoing is not to be taken as any indication of how the court would rule should such a motion be made.