OPINION OF THE COURT
Gerard M. Weisberg, J.
The State has moved for dismissal upon the theory that this claim for medical malpractice was not filed within the two- and one-half year Statute of Limitations prescribed by CPLR 214-a.
The issues raised are: (1) the effect of a prior order of a Judge of this court granting leave to file a late claim after the statute had expired; and (2) the effect of the absence of any specific provision in the Court of Claims Act or the rules of this court as to the time within which a late claim is to be filed and served.
On March 15, 1976 a notice of intention was served on the Attorney-General. The filing and service of such a *363 notice within 90 days after accrual extends the time to file and serve a claim for a period of up to two years after accrual. (Court of Claims Act, § 10, subd 3; § 11.)
The action was commenced on January 3, 1977 by the filing and service of a claim which was amended by court order on March 17, 1977. Thereafter, the State moved for dismissal on the ground that although the notice of intention had been served, it had not been filed and therefore the claim itself was untimely. The claimant cross-moved for permission to file a late claim annexing to its papers the amended claim. (Court of Claims Act, § 10, subd 6.)
Those motions duly came on to be heard before Honorable Albert A. Blinder, one of the Judges of this court on July 18, 1978. By opinions and orders entered on September 28, 1978 he granted the State’s motion. However, finding that the accrual date was February 6, 1976, he simultaneously granted the cross motion and directed that “the claimant shall file a late claim in the form as previously filed in her amended claim and otherwise comply with the rules of this Court.”
The amended claim was refiled with the clerk of this court on October 4,1978. Following correspondence, a copy was re-served on the Attorney-General on January 25, 1979.
In the instant motion the bar of the Statute of Limitations is raised on the theory that the latest filing and service took place more than two and one-half years from the date of accrual on February 6,1976. In fact, that period expired during the pendency of the motion before Judge Blinder and, on that account, the State urges the invalidity of that order.
We hold that a claim cannot become time barred during the period in which a Judge is deliberating upon a motion, timely made to permit the late filing of a claim. As Presiding Justice Rabin stated in Vastola v Maer (48 AD2d 561, 564): “[t]he purpose of the statute [of limitations] is in no way served by a rule which would place the plaintiff in a position whereby the timeliness of his claim would depend upon the speed with which a court decides a motion.” Accordingly, litigants may not be penalized for the time *364 which a court devotes to the decision of a matter before it. (See, e.g., CPL 30.30, subd 4.)
Moreover, an appealable judgment or order, such as that permitting a late filing, from which no appeal is taken, constitutes the law of the case and is binding upon all Judges of co-ordinate jurisdiction. (Martin v City of Cohoes, 37 NY2d 162, 165; Matter of Silverberg v Dillon, 73 AD2d 838, app dsmd 49 NY2d 889; Tischler v Key One Corp., 67 AD2d 886.)
The significant question remaining is, how long after the rendition of the order on September 28, 1978 could claimant have timely filed and served his claim? Neither the order nor any provision of the Court of Claims Act or the rules of this court provide an answer. Claimant argues that he had a “reasonable time” — a condition which was allegedly satisfied by the filing on October 4, 1978. The State maintains that the jurisdictional requirements were not completed until January 25, 1979 when service was made upon the Attorney-General. Weighing strongly against the latter view is the fact that the order referred solely to “filing” — not service. It should be noted that the Attorney-General had already been served with the amended claim on two previous occasions, the more recent being in conjunction with the cross motion to file a late claim. In any event, claimant argues alternatively that the Statute of Limitations did not expire until six months after the order of dismissal — a period which encompasses even the later date urged by the State. This position is predicated upon CPLR 205 (subd [a]) which provides: “[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies, and the cause of action survives, his executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.”
The court finds merit in this view. Absent a specific direction in the order concerning the time for filing and *365 service of a late claim, or in the Court of Claims Act or rules, recourse must be had to the provisions of the Civil Practice Law and Rules with respect to actions in the Supreme Court. (See Court of Claims Act, § 8.) Accordingly, we hold that claimant had six months from the date of dismissal and the simultaneous grant of permission to file a late claim, within which to comply with the jurisdictional requirements of the Court of Claims Act. Measured by this criterion, the claim is not time barred.