OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the case returned to the Court of Claims for
 
 *986
 
 consideration of respondent’s motion for permission to file a late claim.
 

 It was error on the part of the courts below to have concluded that subdivision 2 of section 6224 of the Education Law (as it existed prior to the 1982 amendment, see below) operated to extend the 90-day period of limitation for filing claims (or notices of intention to file claims) prescribed in subdivision 3 of section 10 of the Court of Claims Act. The latter subdivision provides: “A claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the state while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor in which event the claim shall be filed within two years after the accrual of such claim.”
 

 Subdivision 2 of section 6224 (prior to the 1982 amendment) provided in pertinent part:
 
 “2.
 
 No notice of intention to file a claim or claim shall be served pursuant to subdivision four of this section, nor shall any other action or special proceeding, for any cause whatever, be prosecuted or maintained against the city university unless it shall appear by and as an allegation in the notice of intention to file a claim, claim, complaint or necessary moving papers that at least thirty days have elapsed since a demand setting forth the underlying basis for such matter was presented to the city university for adjustment, and that the officers or bodies having the power to adjust or pay such claim have neglected or refused to make an adjustment or payment thereof for thirty days, after such presentment.” Subdivision 4 of section 6224 (again prior to the 1982 amendment), the statutory provision which transferred to the Court of Claims exclusive jurisdiction over claims against senior colleges of the City University of New York, provided in pertinent part:
 
 “4.
 
 Exclusive jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the claims of any person against the city university of New York (a) in connection with causes of action sounding in tort alleged to have been committed by a senior college of such university or any officer, agent,
 
 *987
 
 servant or employee of a senior college of such university in the course of his employment on behalf of such university * * * in the same manner and to the extent provided by and subject to the provisions of the court of claims act with respect to claims against the state, and to make awards and render judgments therefor.” The consequence of the enactment of this subdivision 4 (L 1979, ch 305, § 1) was that a tort claimant against a senior college of the City University was confronted with two strictures of time. First, subdivision 2 of section 6224 mandated a 30-day waiting period after presentation of a preliminary administrative demand to the City University, a stricture at the beginning of the time spectrum. Second, subdivision 3 of section 10 of the Court of Claims Act mandated that the claim, or notice thereof, be filed in the Court of Claims within 90 days after the accrual of the claim, a stricture at the end of the time spectrum. The lower courts held that the 30-day period prescribed in subdivision 2 of section 6224, operated to extend the 90-day period of subdivision 3 of section 10. This was error.
 

 The two sections are to be read together, and each is to be given effect according to its express terms. In substance, the 30-day waiting period (presumably to afford an opportunity for prelitigation settlement) is carved out of the 90-day period within which the claim or notice thereof must be filed.
 

 If there were any doubt that this was the proper interpretation to be placed on these statutory provisions in effect when this case was in the Court of Claims and at the Appellate Division, all such doubt was dispelled by the enactment of chapter 711 of the Laws of 1982, effective July 22,1982. In the provision of subdivision 4 that claims against senior colleges of the City University should be determined “in the same manner and to the extent provided by and subject to the provisions of the court of claims act with respect to claims against the state”,
 
 [1]
 
 there was inserted after the word “act” the phrase “including time
 
 *988
 
 limitations”.
 
 [2]
 
 Moreover, inasmuch as the 1982 amendment, in present respects at least, was made applicable to pending actions, whatever may have been the prior law, it is now dispositive of the appeal before us.
 

 In this case, respondent’s claim accrued on November 15, 1979, the day she suffered the injuries which are the basis of her claim. Her claim, however, was not filed with the Court of Claims until February 29, 1980, after the expiration of the applicable 90-day period. It was error to have concluded that such filing was timely. As the State acknowledges, respondent is entitled, however, to have the matter returned to the Court of Claims for consideration of her motion for permission to file a late claim.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order reversed, with costs, and case remitted to the Court of Claims for further proceedings in accordance with the memorandum herein. Question certified not answered as unnecessary.
 

 [1]
 

 . The statement in the opinion in the Court of Claims that this provision was not to be found in subdivision 4 of section 6224 was incorrect, and its conclusion, reasoned from the omission of such a provision as was included in section 361-b of the Public Authorities Law, was correspondingly flawed.
 

 [2]
 

 . The 1982 amendment also removed the prior requirement that an administrative demand for relief be presented to the City University; the requirement of presentation of administrative demand was retained as to junior colleges only.