OPINION OF THE COURT
Frank S. Rossetti, J.
Motion is granted and the claim is ordered dismissed, in accordance with the following.
The subject claim has two causes of action, the first for compensatory damages of $69 based on breach of contract and the second for punitive damages of $10,000 based on fraud.[1] Defendant City University of New York (CUNY) attacks the claim on two grounds: (1) the claim as a whole is deficient because allegedly the proper party defendant was not named; and (2) the second cause of action of the claim is improper because punitive damages are not recoverable against a public government corporation such as CUNY. ,
*979 We find the first ground without merit (the fact the caption reads Hunter College of CUNY instead of just CUNY is certainly a minor, nonjurisdictional irregularity importing no prejudice to CUNY — see CPLR 2001), but we must agree that punitive damages are not recoverable against CUNY (see Sharapata v Town of Islip, 82 AD2d 350, affd 56 NY2d 332). This would technically permit dismissal of the second cause of action, although it would appear reassertion of a fraud cause of action for compensatory damages would not be barred thereby.[2] However, we find a more basic jurisdictional omission in the circumstances here which requires us to dismiss the claim in toto. (See, e.g., Kurtz v State of New York, 40 AD2d 917, 918, affd 33 NY2d 828; Muscat v State of New York, 103 Misc 2d 589, 593.) A brief recital of the facts is necessary to delineate the nature of the failure here.
On September 3, 1981, claimant registered for two graduate courses at Hunter College, a senior college of CUNY. She alleges that upon attending one of these classes on September 14, 1981 she found it different from the course description in the Hunter catalog. Ms. Bicjan then attempted to obtain a refund for both courses and a $31 student activity fee. However, she was informed by the Hunter College counsel to the president and the Hunter College registrar that Hunter would refund 100% for one course, but only 75% for the other and nothing for the student activity fee. Claimant withdrew from the courses on September 17, 1981 and made further demand for a full refund of all course and student fees paid. She then filed a “notice of claim” (i.e., a Blumberg form under General Municipal Law, § 50-e) for $406.50 (the full amount of said fees) with the CUNY office of legal counsel on September 23, 1981.
Hunter sent claimant a check dated October 15,1981 for the aforesaid 100% and 75% course refund (i.e., $337.50), *980 but, apparently before she received it, Ms. Bicjan wrote the said CUNY legal office on October 27, 1981, again demanding a full refund of $406.50. She then filed another notice of claim with the New York City comptroller on November 2,1981. Later, on December 21,1981, she filed a notice of intention with this court and allegedly served a copy thereof on the State Attorney-General. Finally, the subject claim was filed with the court on April 16, 1982.
In 1979, the Court of Claims was given jurisdiction over claims against the then newly created CUNY, the successor to the Board of Higher Education in the City of New York. (See L 1979, ch 305, § 1; Education Law, §§ 6203, 6224, subd 3.) It was specifically provided in said legislation that such claims were to be “determinefd] * * * in the same manner and to the extent provided by and subject to the provisions of the court of claims act with respect to claims against the state”. (See Education Law, § 6224, former subd 3, now subd 4; see, also, Jones v City Univ. of N. Y., 57 NY2d 984.) This apt requires filing of a notiee of intention or claim with the court and service of a copy on the Attorney-General within specified time limitations, to wit, 90 days after accrual for tort claims and six months after accrual for contract claims. (See Court of Claims Act, § 10, subds 3, 4; § 11.) However, where the court has jurisdiction over claims against a government entity deemed separate from the State, service of said copy must be upon that entity, not the Attorney-General. (See, e.g., Cantor v State, 43 AD2d 872, 873.) Prior to its continuance as CUNY, the City Board of Higher Education was considered separate from its funding government body, the City of New York. (See Nelson v Board of Higher Educ., 263 App Div 144, 149, affd 288 NY 649; see, also, Gold v City of New York, 80 AD2d 138, 140, and cases cited; Matter of Potter v Board of Educ., 43 AD2d 248, 249.) Our examination of the statutes governing the former said board and those governing CUNY discloses no substantial depreciation in separateness. (See, e.g., Education Law, §§ 6201, 6203; see, also, Grace & Co. v State Univ. Constr. Fund, 44 NY2d 84, 88-89; Brinkley v City Univ. of N. Y., 113 Misc 2d 732, 734- *981 735; Jones v City Univ. of N. Y., 105 Misc 2d 1087, 1089, affd 85 AD2d 936, revd on other grounds 57 NY2d 984, supra.)[3] Hence, we believe proper compliance with the Court of Claims Act required not only filing of the subject notice of intention and claim with the court, but also service of copies thereof on CUNY. Claimant failed to show any such service of the said notice and claim which purportedly gave this court jurisdiction over claimant’s would-be action. Such failure to prove said jurisdictional prerequisite requires dismissal of the entire claim. (See Cantor v State of New York, supra.)
We observe parenthetically that the further requirement that a demand be made on CUNY at least 30 days prior to service of a notice of intention or claim (see Education Law, § 6224, subd 2, as amd by L 1980, ch 317, § 14, prior to amdt by L 1982, ch 711, § 1) has apparently been retroactively abolished. (See Jones v City Univ. of N. Y., supra.) That requirement was extant at the times claimant attempted to commence her action at bar and seemingly she complied therewith orally on September 15, 1981 or in writing on September 23, 1981 or October 27, 1981. Were said requirement still applicable, however, claimant would still not have met the noted Court of Claims Act requirement since, even if the October 27 letter could be deemed a notice of intention or claim timely served 30 days after the oral September 15 demand or the written September 23 one (which we find questionable inasmuch as the Oct. 27 letter was clearly in the nature of a demand), such would provide no jurisdictional predicate in this court because said letter was never filed with the court. The absence of said 30-day demand requirement similarly does not help claimant since, as noted, nothing served on CUNY was filed with the court and nothing filed with the court was served on CUNY. Such jurisdictional failure cannot be ignored or construed away. (See, e.g., Lurie v State of New York, 73 AD2d 1006, affd 52 NY2d 849.)
*982 In closing, we note that the question of when a given government entity is sufficiently separate from the State to require a separate service has apparently been left to the courts to decide on a case-by-case basis. (See Grace & Co. v State Univ. Constr. Fund, supra.) While we believe there is appropriate legal precedent for finding CUNY so separate (see cases cited, p 980, supra), the necessity for separate service of other such entities is not always intuitively obvious, particularly for a pro se claimant such as here.[4] If the legislative intent is to have government entities legally responsible for their conduct, we believe better statutory delineation of who and how to serve is appropriate to make such intent truly and practically meaningful. A single, simple statement in the statutes establishing or continuing the various government entities intended to be independent would seem to be an easy solution and one which would avoid potential unfairness and injustice.

. Claimant is appearing pro se and was apparently under the misconception that she could not base her claim for compensatory damages on both causes of action. We simply note that it would have been proper for her to request compensatory damages in the fraud cause of action as well as in the contract one.

. As indicated (see n 1, supra), it would have been proper for claimant to ask for compensatory damages in her fraud cause of action and amendment for that purpose would in all likelihood have been granted had the dismissal here been limited to the second cause of action as aforesaid (see CPLR 3025, subd [b]). Should claimant decide to pursue her claim further (see Court of Claims Act, § 10, subd 6), it is suggested she set it out in the form indicated, with contract and fraud causes requesting compensatory damages only.

. We note that while the cited lower court cases found CUNY separate, anomalously they found no requirement of separate service on it. We believe the Court of Appeals decision in Jones has made it clear that Court of Claims Act jurisdictional requirements are to be applied to CUNY.

. The $69 claim at bar is obviously a matter of principle for this claimant, particularly in view of the patently substantial (and seemingly disproportionate) time and effort she has expended in pursuing it. For one not versed in the law, her efforts have been commendable, albeit, understandably, not always legally correct (see, e.g., n 1, p 978, supra). Nonetheless, she did attempt to serve something on every government entity possibly involved (to wit, CUNY, the City of New York and the State) and, while we find her attempts jurisdictionally defective, we think the circumstances here are illustrative of the problems caused by a lack of clear delineation of how to sue a given government entity.