■ DEBORAH C. BRINKLEY, Respondent, v CITY UNIVERSITY OF NEW YORK, Appellant. (Claim No. 66167.) — Order, Court of Claims of the State of New York (Orlando, J.), entered April 26, 1982, granting claimant's motion to

dismiss the third and fourth affirmative defenses of the answer, unanimously reversed, on the law, without costs or disbursements, and the motion denied, such denial being without prejudice to a motion for late filing relief. This claim arises out of an incident which occurred on March 26, 1981, when claimant was allegedly struck by a falling metal closet in a Hunter College dormitory. Since City University of New York (CUNY) is subject to the same time limitations as apply to State agencies, and it is conceded that neither a claim nor a notice of intention to file a claim was filed within 90 days of the accrual of the claim, as is required (Education Law, § 6224, subd 4; Court of Claims Act, § 10, subd 3), the claim was untimely. (*Jones v City Univ. of N. Y.*, 57 NY2d 984.) Moreover, claimant failed to serve CUNY. Service upon the Attorney-General, CUNY's attorney, is not service upon CUNY. (See *Gold v City of New York*, 80 AD2d 138.) In addition to the usual service and filing requirements imposed by the Court of Claims Act, in any claim brought against it, CUNY must also be served with any claim or notice of intention to file a claim. (See *Jones v City Univ. of N. Y., supra;* Education Law, § 6224, subd 2, as amd by L 1982, ch 711, eff July 22, 1982.) This disposition is without prejudice to an application for late-filing relief (Court of Claims Act, § 10, subd 6). Concur — Sullivan, J. P., Silverman, Fein and Alexander, JJ. [113 Misc 2d 732.]