OPINION OF THE COURT
Gerard M. Weisberg, J.
In this motion for permission to file a late claim under Court of Claims Act § 10 (6), we must determine whether the defendant received notice and an opportunity to investigate when a “notice of claim” was served upon it but not its attorney.
On December 8, 1983, claimant Stacey Krales allegedly tripped and fell on a cracked and broken staircase in a building on the premises of the College of Staten Island, where she was a student. This institution is a senior college of the defendant, the City University of New York. Pursuant to the Education Law, this court has exclusive jurisdiction to hear the claim “to the extent provided by and subject to the provisions of the court of claims act, including time limitations, with respect to claims against the state” (Education Law § 6224 [4]). Thus, in order for an action under this statute to proceed, there must be compliance with the filing requirements of the Court of Claims Act. (See, Jones v City Univ. of N. Y., 57 NY2d 984, 987.)
*169 Because of the “inexperience of a newly admitted attorney”, a claim was served solely upon the Office of the Counsel of the City University of New York on February 9, 1984, within 90 days of the incident as required by statute. (See, Court of Claims Act § 10 [3].) The document was not filed with the clerk of this court. Jurisdiction was, therefore, never acquired and this motion was necessary. (Calderazzo v State of New York, 74 AD2d 954.) In addition, service was not effectuated upon the Attorney-General, who generally represents the City University in this court.
The claim contained the following description of the location of the incident. “The accident occurred on December 8,1983, at or about 1 P.M. on a step of an interior staircase located in Building B of the College of Staten Island, The City University of New York, said area being more specifically described as a staircase consisting of three steps down from the top step which led to two exterior doors to the right of which led to the service road for the Staten Island Expressway and which was at or near Renwick Avenue, Staten Island, New York.” This statement is sufficiently detailed to apprise the defendant of the location of the incident. It was received within a relatively short time after the occurrence. From the moving papers, it appears that a nontransitory condition is involved. Defendant does not dispute this. (Cf. Malek v State of New York, 92 AD2d 659.) In light of the prompt service of this highly descriptive pleading, we conclude that the defendant had notice of the essential facts of this claim, an opportunity to investigate, and will not be substantially prejudiced by the granting of this motion. Thus, at least three of the six factors to be considered in this application are in claimant’s favor. (See, Court of Claims Act § 10 [6].)
City University urges otherwise, however, basing its contention on the failure to serve the claim upon the Attorney-General. We cannot discern the relevance of this fact upon the instant application. Here, the defendant was adequately informed of the circumstances. That is sufficient, within the context of this motion, to satisfy the pertinent requirements of the Court of Claims Act.
Defendant’s argument in fact pertains to a jurisdictional point not applicable to this motion. Specifically, where the State is a party, the Attorney-General must be served for jurisdiction to attach. (See, Andriola v State of New York, 53 AD2d 966; Court of Claims Act § 11.) However, it has consistently been held that when the City University is the proper defendant, it must be served in order for the matter to proceed in this court because it *170 is an entity distinct from the State. (Brinkley v City Univ. of N. Y., 92 AD2d 805; Bicjan v Hunter Coll., 116 Misc 2d 978, 981; see also, MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth., 123 Misc 2d 307.) Indeed, where such service has not been effectuated, the Attorney-General, as City University’s legal representative, is the first to object. (See, Ecke v City Univ. of N. Y., Ct of Claims, Mar. 6, 1985, Weisberg, J.)
We observe that service upon the Attorney-General was not, in fact, required to commence this action. The statutes involved are not entirely clear on this point. As noted, Education Law § 6224 (4) permits claims against the City University “subject to the provisions of the court of claims act”. This latter statute requires that service of the claim or notice of intention be made upon “the attorney general”. (Court of Claims Act § 11.) However, such action cannot confer jurisdiction over a governmental entity that is separate from the State of New York. (Cantor v State of New York, 43 AD2d 872, 873.) In view of this rule, it is logical to conclude that where an autonomous governmental body is the party against which liability is sought to be imposed, service need only be made upon it. The receipt of process by the Attorney-General is, in this situation, unnecessary. (See, Bicjan v Hunter Coll., supra, p 980.)
Turning now to the other factors to be considered in this motion, we first conclude that the claim has the appearance of merit. (See, Basso v Miller, 40 NY2d 233; Scurti v City of New York, 40 NY2d 433.) In addition, no other adequate remedy is available. Although the failure to comply with the requirements of the Court of Claims Act is inexcusable (see, Modern Transfer Co. v State of New York, 37 AD2d 756), this is but one of the six factors that we must consider. All the others are in claimant’s favor. Therefore, the motion is granted. (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979.)