*631 OPINION OF THE COURT
Harold E. Koreman P. J.
Claimant, Jewel F. Johnson, seeks recovery for damages caused by defendant’s failure to file a New York State Employees Retirement System (Retirement System) member’s change of beneficiary form with the Comptroller. Due to this alleged negligence, claimant, the beneficiary designated in the unfiled form, was denied payment of a substantial death benefit. Upon a review of the facts before us and the law as it pertains to accrual of claims, we find that the subject action is time barred.
According to claimant’s pleadings and affidavits, the contents of which must be accepted for the purposes of this motion to dismiss (Sanders v Winship, 57 NY2d 391, 394), one Howard Suggs was employed by the Department of Correctional Services and became a member of the Retirement System on January 26, 1967, at that time designating his wife Clarissa as his beneficiary. In August 1980 Mr. Suggs, apparently motivated by an impending divorce from his wife (which was finalized on Sept. 12, 1980), completed a change of beneficiary form naming Jewel Johnson as the primary beneficiary of his retirement benefits and delivered said form to the Correctional Services personnel office where he worked. However, said document was misfiled, lost, or otherwise misdirected as the same was never received in the Comptroller’s office. Mr. Suggs died on September 22, 1982. Importantly, in order to be effective a change of beneficiary form must be received by the Comptroller prior to the death of the member (Matter of Robillard v Levitt, 44 AD2d 611; Retirement and Social Security Law § 40 [f] [2]; § 60); no such form had been filed at the time of Mr. Suggs’ death. Subsequently, the Retirement System paid Clarissa Suggs a death benefit of $82,000, notwithstanding efforts by Miss Johnson to effect a different result, first by resort to a Retirement and Social Security Law § 74 hearing (concluding in a denial by the Comptroller of Jewel Johnson’s request for benefits [decision dated Dec. 30, 1983]), and thereafter through commencement of a CPLR article 78 proceeding (which was dismissed by the Supreme Court [Cobb, J., decision dated Nov. 13, 1984]). A notice of intention was filed on February 16, 1984 and this action was commenced with the filing of a claim on February 7, 1985.
Among defendant’s various arguments in support of dis *632 missal is the contention that the subject claim either accrued in August 1980 when the change of beneficiary form was allegedly misfiled or in September 1982 when Mr. Suggs died, and that the claim filed in February 1985 is therefore time barred. Claimant, in opposition to the motion, contends that damages became ascertainable and this claim first accrued when the Supreme Court directed payment of benefits to Clarissa Suggs. In the alternative, claimant insists that the earliest possible accrual date was December 30, 1983 when the Comptroller denied her request for payment of benefits. Based on either of these propositions claimant argues that the notice of intention and claim were filed in accordance with the jurisdictional limitations contained in the Court of Claims Act § 10 (3).
It has been stated that the term "claim accrued” as used in the Court of Claims Act § 10 is not identical with the expression "cause of action accrued” found in CPLR 203 (a) (see, e.g., Otis Elevator Co. v State of New York, 52 AD2d 380; Dufel v State of New York, 198 App Div 97, 102; Moltion v State of New York, 193 Misc 850, affd 277 App Div 835, affd sub nom. Taylor v State of New York, 302 NY 177). In this regard a claim has been said to accrue when the extent of damages can be ascertained (Taylor v State of New York, 302 NY 177, 185, supra), while a "cause of action” accrues when the wrongful act occurs (Schmidt v Merchants Desp. Transp. Co., 270 NY 287). In our judgment this distinction should be limited in application, and should only be applied to cases where a continuing wrong prevents an evaluation of damages (Martinez v State of New York, Ct Cl, claim No. 64163, Sept. 26, 1980, Koreman, P. J.; Davis v State of New York, 84 Misc 2d 597, revd on other grounds 54 AD2d 126; see, Chartrand v State of New York, 46 AD2d 942; compare, Waterman v State of New York, 19 AD2d 264, affd sub nom. Williams v State of New York, 14 NY2d 793). It should not be extended to simple acts of negligence.* Were we to accept the accrual rule offered by claimant the period for bringing negligence actions against *633 the State would be left open for an indeterminate period of time, clearly not the intention of the Legislature in adopting the time limitations set forth in the Court of Claims Act (Court of Claims Act § 10; see generally, Jones v City Univ. of N. Y., 57 NY2d 984, revg 85 AD2d 936; Tompkins v State of New York, 33 Misc 2d 828, 830; see and compare, Boland v State of New York, 30 NY2d 337, 341 [discussing the "artificial” treatment accorded the accrual of claims involving continuing wrongs]). In fact, the New York Constitution proscribes any extension of the period for commencing an action against the State beyond that which would apply to private citizens, specifically stating that "[n]o claim against the state shall be audited, allowed or paid which, as between citizens of the state, would be barred by lapse of time” (NY Const, art III, § 19; see also, Court of Claims Act § 12 [2]; Trayer v State of New York, 90 AD2d 263, 268-269).
Neither does the fact that the negligence or the existence of damage was not discovered by claimant until some time after Mr. Suggs’ death serve to extend the limitations period. A discovery accrual rule is not recognized by the courts of this State (Schmidt v Merchants Desp. Transp. Co., 270 NY 287, supra; Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212, 216-218; see and compare, CPLR 213 [8]; 214-a [statutory exceptions]). Rather, an injury occurs and the action accrues when "there is a wrongful invasion of personal or property rights * * * even though the injured party may be ignorant of the existence of the wrong or injury” (Schmidt v Merchants Desp. Transp. Co., 270 NY 287, 300, supra; see also, Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212, supra; Matter of Steinhardt v Johns-Manville Corp., 54 NY2d 1008). In this instance the wrong was committed when the form was lost or misfiled, and the injury to claimant’s property rights occurred on September 22, 1982 when the Retirement System member died, thereby fixing the interests of the parties to any death benefit. At that moment claimant was excluded from receiving any benefit, injury occurred, and the action accrued. Based on all of the above, we find that the notice of intention filed on February 16, 1984 and the claim filed on February 7, 1985 do not meet the statutory time requirements of Court of Claims Act § 10 (3) and § 12 (2) and that this claim must therefore be dismissed.
Turning to claimant’s motion seeking permission to file a late claim, in order for such an application to be considered it must be made at a time "before an action asserting a like *634 claim against a citizen of the state would be barred under the provisions of article 2 of the civil practice law and rules” (Court of Claims Act § 10 [6]). Here, the three-year Statute of Limitations for negligence actions (see, CPLR 214) began to run on September 22, 1982 (see, Riley v State of New York, 105 AD2d 1104; see also, Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212, supra; Schmidt v Merchants Desp. Transp. Co., 270 NY 287, supra) and the application, first made by notice of motion served June 13, 1985, was timely (the adjournments and delay subsequent to the making of the original notice of motion do not preclude consideration of this application at a time beyond the three-year Statute of Limitations [Rydeberg v State of New York, 108 Misc 2d 362; Jenkins v State of New York, 119 Misc 2d 144]). Moreover, while claimant’s proffered excuse for failing to timely file is not acceptable, we find that the other factors enumerated in Court of Claims Act § 10 (6) weigh in claimant’s favor. Specifically with respect to the issue of merit, we find that the wrong alleged herein constituted a ministerial neglect and is therefore actionable (Tango v Tulevech, 61 NY2d 34; Santangelo v State of New York, 101 AD2d 20; see also, Edwards v State of New York, Ct Cl, claims Nos. 60753, 62368-A, June 23, 1980, Modugno, J.). Further, any adverse determination in the prior administrative or CPLR article 78 proceedings is not res judicata as the issues there involved the application of the Comptroller’s rules, not the question of the defendant’s ministerial negligence. Accordingly, in the exercise of discretion claimant’s motion requesting permission to file a late claim is granted. In accordance with all of the foregoing it is now;
Ordered that claim No. 70524 be dismissed, and it is further;
Ordered that claimant’s request for permission to file a late claim is granted and claimant is hereby directed to file and serve a claim in substantially the same form as the proposed claim attached to the motion papers herein within 30 days of service of a copy of this order together with notice of entry.

 Hudleasco, Inc. v State of New York (63 AD2d 1042, affg 90 Misc 2d 1057) is not to the contrary. The negligence there complained of was a ministerial error by the Secretary of State in issuing a certificate. Although the trial court found the date of discovery of the error to be the date of accrual, the Appellate Division in affirming found the action timely, not by application of a discovery accrual rule but by virtue of the fact that the claim was one for indemnification or contribution which did not accrue until the date of payment (see, Bay Ridge Air Rights v State of New York, 44 NY2d 49).