■ DONALD PERRY et al., Respondents, v CITY OF NEW YORK, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated August 30, 1985, which denied its motion to dismiss the complaint and ordered it to withdraw its jurisdictional defense that it is not the properly named defendant.

Ordered that the order is reversed, on the law, without costs or disbursements, and defendant's motion to dismiss the complaint is granted.

The City University of New York (hereinafter CUNY) is an independent body corporate *(Lanza v Wagner,* 11 NY2d 317, *appeal dismissed* 371 US 74, *cert denied* 371 US 901; Education Law § 6203), which may sue and be sued in its corporate name *(Matter of Board of Higher Educ. v Carter,* 14 NY2d 138). The State Legislature has imposed upon CUNY "the care, custody, control, and management of the lands, grounds, buildings, facilities and equipment used for the purposes of the educational units of the city university" (Education Law § 6203), and the State of New York now owns the senior college campuses of the CUNY system (Education Law § 6219).

Moreover, as the Court of Appeals has recognized, Education Law § 6224 (4) is quite clear in conferring exclusive jurisdiction on the Court of Claims to hear tort claims against senior colleges of CUNY *(Jones v City Univ.,* 57 NY2d 984).

Thus, the City of New York is not a proper defendant in this action where the plaintiff Donald Perry's injuries allegedly were caused by the negligent maintenance of the Brooklyn College campus, a senior CUNY college. The proper defendant is CUNY, with the ultimate governmental body responsible for paying any judgment being the State, and the proper forum for such an action being the Court of Claims, not the Supreme Court. Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.

■ MARISSA RICO, an Infant, by Her Mother and Natural