■ JAMES M. FINNERTY, Respondent, v NEW YORK STATE THRUWAY AUTHORITY Appellant. (Claim No. 69631.) ■

Memorandum: Plaintiff commenced this action against the Thruway Authority in the Court of Claims by serving the claim on the Thruway Authority and filing two copies of it with the clerk of the court. Plaintiff neglected to serve the claim upon the Attorney-General and the clerk did not deliver a copy to the Attorney-General. Subsequently, the Attorney-General moved on behalf of the Thruway Authority to dismiss the claim for failure to serve the Attorney-General. The court denied the motion, holding that service on the Attorney-General was unnecessary to give the Court of Claims

jurisdiction over the Thruway Authority. We reverse and dismiss the claim.

As it read when this claim was instituted, Court of Claims Act § 11 provided, in pertinent part: "The claim or notice of intention shall be filed with the clerk of the court and a copy shall be served upon the attorney-general within the times hereinbefore provided for filing with the clerk of the court." In cases involving claims against the State itself, it has been uniformly held that failure to serve the Attorney-General pursuant to Court of Claims Act § 11 divests the court of jurisdiction over the State *(see, e.g., Jackson v State of New York,* 85 AD2d 818, *lv dismissed* 56 NY2d 568; *Matter of Welch v State of New York,* 71 AD2d 494, 498, *lv denied* 50 NY2d 802; *Andriola v State of New York,* 53 AD2d 966, 967-968). We read section 11 as a manner of service provision and hold that, pursuant to its terms, service on the Attorney-General is a predicate to obtaining personal jurisdiction over any defendant in the Court of Claims, including a defendant other than the State. Public Authorities Law § 361-b supports the conclusion that service pursuant to section 11 is required in order to sue the Thruway Authority. That statute authorizes the Court of Claims to hear claims against the Thruway Authority "in the same manner and to the extent provided by and subject to the provisions of the court of claims act with respect to claims against the State". Several cases also support that interpretation. In *Brinkley v City Univ.* (92 AD2d 805, 806), for example, the First Department held that *"[i]n addition to the usual service and filing requirements imposed by the Court of Claims Act,* in any claim brought against it, CUNY must also be served" (emphasis supplied; *see also, Jones v City Univ.,* 57 NY2d 984, 987-988).

*Bonaventure v New York State Thruway Auth.* (108 AD2d 1002), relied upon by the trial court, is distinguishable. That case merely holds that service on the Attorney-General alone is insufficient to obtain jurisdiction over the Thruway Authority, not that such service is unnecessary to obtain jurisdiction over the Authority in the Court of Claims *(Bonaventure v New York State Thruway Auth., supra,* at 1003; *see also, MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth.,* 123 Misc 2d 307, 308, *affd* 104 AD2d 139; *Bicjan v Hunter Coll.,* 116 Misc 2d 978, 980).

*Matter of Krales v City Univ.* (128 Misc 2d 168), also relied upon by the trial court, is on point but is unpersuasive. That decision misapplies *Bonaventure (supra)* and ignores Education Law § 6224 (4), which makes claims against CUNY subject to

the Court of Claims Act, and Court of Claims Act § 11, which clearly requires service on the Attorney-General in order to commence an action in the Court of Claims. Contrary to the court's statement in *Krales (supra,* at 169), Court of Claims Act § 11 does not limit the requirement of service upon the Attorney-General to those cases in which the State is the named defendant. (Appeal from order of Court of Claims, Hanifin, J.—dismiss claim.) Present—Doerr, J. P., Denman, Green, Lawton and Davis, JJ.