JULIE SHIMMERLIK et al., as Executors of GEORGE SHIMMERLIK, et al., Claimants, v CITY UNIVERSITY OF NEW YORK, Defendant. (Claim No. 73431.)

Court of Claims, December 16, 1988

---

### APPEARANCES OF COUNSEL

*Newmark, Lamb, Dowling & Marchisio (Eugene G. Lamb* of counsel), for claimants. *Robert Abrams, Attorney-General (William P. Kleen* of counsel), for defendant.

## OPINION OF THE COURT

GERARD M. WEISBERG, J.

This is a motion for an order striking the defendant's first affirmative defense or, in the alternative, for an order granting claimants permission to serve a late claim upon the City University of New York (CUNY).

On May 16, 1985, George Shimmerlik allegedly tripped over a piece of gymnasium equipment stored by CUNY at Hunter Elementary School. Within 90 days of the incident, Mr. Shimmerlik and his wife, Julie, served a notice of claim under section 50-e of the General Municipal Law on, among others, defendant. The Shimmerliks did not file this document with the clerk of this court nor did they serve it on the Attorney-General. Upon discovering that this court had jurisdiction over their action against CUNY, the Shimmerliks moved to have the section 50-e notice deemed to be a claim. This was denied by Honorable Louis C. Benza, one of the Judges of this court, without prejudice to a motion for permission to file a late claim pursuant to Court of Claims Act § 10 (6) upon proper papers. *(Shimmerlik v City Univ., Ct Cl, Mar. 20, 1986.)*

On or about April 18, 1986, the Shimmerliks so moved on notice to CUNY. Annexed to the papers was the proposed verified claim. The Attorney-General appeared on behalf of CUNY and challenged the relief sought solely on the basis that the claim did not appear to have merit. *(See,* Court of Claims Act § 10 [6].) Judge Benza found it sufficiently meritorious to justify late claim relief and granted the motion. The opinion, incorporated into his order, provided: "Movants shall serve and file their claim in the form proposed (as amended by the Court) in the moving papers within thirty (30) days of the filing of this order, in accordance with the Court of Claims Act and Rules of this Court." *(Shimmerlik v City Univ., Ct Cl, July 16, 1986.)*[1]

Claimants served the claim on the Attorney-General and filed it with the clerk of this court. They did not serve CUNY directly, however, and defendant has raised this as an affirmative defense in its answer.

Claimants now move to strike this defense on the theory that they complied with Judge Benza's order which did not require service on CUNY independently of service on the

---

1. Subsequent to this ruling but prior to August 1987, George Shimmerlik died, apparently from causes unrelated to his claim, and his executors have been substituted in this action.

Attorney-General. Alternatively, they pray for permission to serve CUNY directly now should we determine it is required. Defendant's position is that regardless of what Judge Benza's order provided, CUNY must be served with the claim in order for this court to obtain jurisdiction over it. Late service, it argues further, may not now be authorized because the instant motion was not served until more than three years after the mishap and is, therefore, barred by the Statute of Limitations. *(See,* Court of Claims Act § 10 [6].)

The time within which a claim must be filed and served is prescribed by sections 10 and 11 of the Court of Claims Act. In order for this court to be able to enter a judgment predicated on negligence in favor of a claimant, he or she must have filed a claim within 90 days after its accrual or filed a notice of intention within such time followed by a claim within two years of accrual. (Court of Claims Act § 10 [3].) A claimant who has failed to timely file a claim or notice of intention may, in the discretion of the court, be permitted to file the claim at any time before an action asserting a like claim against a citizen of the State would be barred under the Statute of Limitations. (Court of Claims Act § 10 [6].)

Section 11 sets forth the service requirements in this court and mandates service upon the Attorney-General "within the times hereinbefore provided for filing with the clerk of the court."

With respect to CUNY, Education Law § 6224 (4) vests this court with jurisdiction to determine tort claims against its senior colleges "in the same manner and to the extent provided by and subject to the provisions of the court of claims act, including time limitations, with respect to claims against the state". *(See, Jones v City Univ.,* 57 NY2d 984.) Moreover, when an entity other than the State is a proper defendant in this court, case law indicates that service must be made on the entity in addition to the Attorney-General *(Finnerty v New York State Thruway Auth.,* 140 AD2d 941; *MacFarland-Brakell Bldg. Corp. v New York State Thruway Auth.,* 123 Misc 2d 307; *Bicjan v Hunter Coll.,* 116 Misc 2d 978) notwithstanding that such requirement is not found in the Court of Claims Act and rules. *(Muller v State of New York,* 108 AD2d 181, *revd on other grounds* 67 NY2d 271.) In other words, service on the Attorney-General has been held not to be service on CUNY. *(Brinkley v City Univ.,* 92 AD2d 805.)

This brings us to the issues at hand: (1) did Judge Benza's

order require service on CUNY in addition to the Attorney-General, and (2) if it did not, but such is required, may we grant claimants permission to effectuate such service now.

■ The order in question required claimants to serve and file their claim "in accordance with the Court of Claims Act and Rules of this Court." Section 11 required no more than service on the Attorney-General. The rules provide only that: "Proof of service [of the claim] on the defendant shall be filed with the clerk within ten days of such service." (22 NYCRR 206.5 [a].) The rules do not provide when service must be made, how it must be effectuated or who is authorized to receive it on a defendant's behalf. There is therefore no statutory requirement that CUNY be served independently of the Attorney-General *(Muller v State of New York,* 108 AD2d 181, *revd on other grounds* 67 NY2d 271, *supra)* and Judge Benza's order required only that claimants comply with the statutory requirements. Orders, like other written instruments, are to be construed in accordance with their plain meaning unless ambiguous (73 NY Jur 2d, Judgments, § 21) particularly where a counterinterpretation may prove a "trap for the unwary". *(Muller v State of New York, supra,* at 183.) We therefore decline to read in such a requirement. Moreover, assuming we find the order ambiguous, an examination of the record to aid in its interpretation leads to the same conclusion.

While *Brinkley (supra)* held that service on the Attorney-General was not service on CUNY, it must be remembered that the case did not concern a court-authorized filing and that the service invalidated therein was made prior to CUNY having appeared in the action. Here, a late claim motion, analogous to a special proceeding *(see, Hop Wah v State of New York,* 137 Misc 2d 751), had been commenced and CUNY had appeared by the Attorney-General. The court thereby acquired jurisdiction over the defendant *(MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth.,* 123 Misc 2d 307, *supra)* and service on the Attorney-General on behalf of CUNY became proper. *(See also,* CPLR 2103.)

Thus, we find that Judge Benza's order properly did not require service on CUNY apart from the Attorney-General. *(See also,* Court of Claims Act § 9 [11]; *Tomlinson Constr. Co. v State of New York,* 26 Misc 2d 488, 494, *affd* 15 AD2d 692 [Court of Claims "has such powers and authority either expressed or necessarily implied therefrom, as will permit its proper functioning in carrying out its work in the administra-

tion of justice"].) However, inasmuch as this conclusion is not free from doubt, we also consider claimants' alternative prayer for relief, to wit, the application for permission to serve CUNY directly now.

■ In opposition, defendant argues that we have no authority to grant the relief because the Statute of Limitations expired before this motion was served. We disagree that the Statute of Limitations has expired and therefore find that we may consider claimants' motion.

For Statute of Limitations purposes, the time within which an action must be commenced runs from accrual until a claim has been interposed. (CPLR 203.) A claim is interposed on the date of its service on the defendant which may be by its inclusion as part of a late claim motion which is subsequently granted. *(Vastola v Maer,* 48 AD2d 561, *affd on opn below* 39 NY2d 1019; *Allstate Ins. Co. v Emsco Homes,* 93 AD2d 874, *appeal dismissed* 60 NY2d 644; *Jenkins v State of New York,* 119 Misc 2d 144; *Rydeberg v State of New York,* 108 Misc 2d 362; *Matter of Holmes v State of New York,* Ct Cl, Oct. 21, 1988, Silverman, J.)

The instant claim was served on CUNY as part of the successful late claim motion in 1986, thereby tolling the Statute of Limitations since such date at least where, as here, claimants complied with the resulting order which did not specifically require independent service on CUNY. *(See, Jones v City Univ.,* 57 NY2d 984, *supra.)* [2]

Examining the factors contained in Court of Claims Act § 10 (6), we find them to be no different now than when the motion was granted in 1986, nor does defendant argue to the contrary.

In conclusion, we grant claimants' motion for an order striking defendant's first affirmative defense on the basis that CUNY was properly served by service on the Attorney-General in accordance with Judge Benza's order. Additionally, we grant claimants leave to serve CUNY directly within 30 days

---

**2.** *Rydeberg v State of New York* (108 Misc 2d 362) is not to the contrary. In *Rydeberg,* we held that where no time limit was specified in an order authorizing a late claim, service had to be within six months. Here, Judge Benza's order did not require service directly upon CUNY. There is, therefore, no issue of when it had to be done in order to comply.

of service of the order to be entered hereon with notice of entry.[3]

---

**3.** Although this may be viewed as an amendment to Judge Benza's order, as the IAS Judge assigned to this case, we have such authority. (22 NYCRR 206.3 [b]; *Ministry of Christ Church v Mallia,* 129 AD2d 922, *lv dismissed* 70 NY2d 746; 2A Weinstein-Korn-Miller, NY Civ Prac ¶¶ 2221.01, 2221.04.) While *Rydeberg v State of New York* (108 Misc 2d 362) held to the contrary on this point, it was decided prior to the adoption of IAS and is, therefore, no longer applicable.