PETER SCIARABBA, as Administrator of the Estate of CHARLES SCIARABBA, Deceased, Respondent, v STATE OF NEW YORK, Appellant.

Third Department, December 14, 1989

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Michael S. Buskus* and *Peter J. Dooley* of counsel), for appellant.

*Pegalis & Wachsman, P. C. (Bruce Maston* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

The instant claim alleges that claimant's decedent, while a student at State University of New York at Binghamton, died March 1, 1988 as a result of medical malpractice by State University Health Services at that institution. In purportedly commencing the action against the State, the claim was personally served upon a principal stenographer employed in the Attorney-General's office. The State answered, asserting, *inter alia,* the defense of lack of personal jurisdiction on the ground that service upon a stenographer was not in compliance with the mandates of Court of Claims Act § 11. Claimant then moved to strike this defense or, in the alternative, for permission to file a late claim pursuant to Court of Claims Act § 10 (6). The motion papers were served upon the Attorney-General by ordinary mail. The State cross-moved to dismiss upon various grounds, including the jurisdictional one. Additionally, the State opposed the motion for leave to file a late claim, asserting that, because the action had not been validly commenced by due service of the claim, the court lacked jurisdiction to entertain a motion brought on by regular mail service.

The Court of Claims agreed with the State that service of the claim was invalid and granted the cross motion to dismiss the claim. However, it ruled that the motion for permission to file a late claim was properly before it on two grounds: (1) that until the State's motion to dismiss was granted, the action was still pending and, hence, service of claimant's moving papers by regular mail was proper under CPLR 2103 (b), and (2) that in any event, motions for permission to file late claims under Court of Claims Act § 10 (6) may be initiated by regular mail service (citing *Hop Wah v State of New York,* 137 Misc 2d

751). The court, therefore, entertained claimant's motion and, upon reviewing the moving and opposing papers, granted claimant late-filing relief. This appeal by the State ensued.

■ The State has restricted its appeal solely to the issue of whether the Court of Claims had jurisdiction to entertain claimant's motion brought on by service upon the Attorney-General via regular mail. We agree with the State's position on the legal insufficiency of the Court of Claims' first ground for exercising jurisdiction, i.e., that mail service of claimant's motion for leave to file a late claim was permissible because the action was then pending. Concededly, the service of the claim was not in accordance with Court of Claims Act § 11 and did not confer personal jurisdiction over the State. Because service was a nullity, no action had been actually commenced (see, Markoff v South Nassau Community Hosp., 61 NY2d 283, 288; Erickson v Macy, 236 NY 412, 415-416). It logically follows that an action which was never validly commenced cannot be pending and that, therefore, regular mail service of claimant's motion for late-filing relief upon the Attorney-General was not authorized under CPLR 2103 (b).

The only remaining question, then, is whether Court of Claims Act § 10 (6) permits what was actually in effect a preaction motion for permission to file a late claim to be brought on by ordinary mail service of the moving papers on the Attorney-General. Section 10 (6) does not speak explicitly to this issue. It provides in pertinent part that "[t]he application for such permission shall be made returnable at any regular or special session of the court and may be heard and determined by any judge thereof" (Court of Claims Act § 10 [6]).

The State, while conceding that the Legislature could have validly eased the formalities of service to bring on such a preaction motion, maintains that the absence of express authority for regularly mailed service of such motions under Court of Claims Act § 10 (6) is fatal. Relying on Matter of Crespo (123 Misc 2d 862), the State urges that, in the absence of express statutory authority otherwise, a motion may only be made in a pending action; therefore, any preaction application for judicial relief must be considered in the nature of a special proceeding, fully subject to the statutory requirements of personal service for the commencement of such proceeding (see, CPLR 403 [c]; Matter of Crespo, supra, at 864).

■ We, however, agree with the decision in Hop Wah v

*State of New York (supra)* that service upon the Attorney-General of an application for permission to file a late claim by ordinary mail is implicitly authorized under Court of Claims Act § 10 (6). To begin with, the parties have referred to and have treated such an application as a motion, and not a special proceeding. Indeed, before Court of Claims Act § 10 (6) was codified in its present form (L 1976, ch 280, § 2), its predecessor provisions expressly directed that an "application for such permission shall be made *upon motion* * * * returnable at any regular or special session of the court" (former Court of Claims Act § 15 [5], as added by L 1936, ch 775, § 3 [emphasis supplied]; Court of Claims Act § 10 [former (5)], as added by L 1939, ch 860 [emphasis supplied]). The legislative and executive memoranda pertaining to the enactment of present Court of Claims § 10 (6) do not suggest that any procedural changes in the manner of initiating an application for late-filing relief were intended *(see,* Executive Dept mem, 1976 McKinney's Session Laws of NY, at 2311; Governor's mem, 1976 McKinney's Session Laws of NY, at 2435). Applications for leave to file a late claim fall within the classes of requests for incidental relief usually characterized as motions, in contrast to special proceedings which are generally brought to vindicate a substantive right *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2211:3, at 29-30). The simplified directions in Court of Claims Act § 10 (6) on how the application is to be made returnable and before whom it may be heard and determined are also more akin to CPLR motion practice (CPLR art 22) than the practice specified for special proceedings (CPLR art 4). Moreover, as the court in *Hop Wah* pointed out, if a preaction application under Court of Claims Act § 10 (6) must be brought as a special proceeding, service of process requirements for such an application *(see,* CPLR 403 [c]) would be more severe than for service of a claim to initiate an action against the State in the Court of Claims *(see,* Court of Claims Act § 11; *Hop Wah v State of New York, supra,* at 754).

If, as it seems to us to be quite evident, the statutory intent was to authorize Court of Claims Act § 10 (6) applications to be initiated by simple motion, the absence of explicit direction on service of the moving papers is not, as argued by the State, fatal to the efficacy of ordinary mail service on the Attorney-General. Where the Court of Claims Act is silent on specific procedures, reference to the CPLR is appropriate (Court of Claims Act § 9 [9]). More to the point, the Court of Claims'

Uniform Rules on motion practice provide for "compliance with the procedures prescribed in the CPLR for the bringing of motions" (22 NYCRR 206.8 [a]). As a leading commentator on the CPLR has stated, the common, acceptable practice for serving a notice of motion is by mail delivery (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2211:4, at 31). And preaction motions in the CPLR do not proscribe service by mail *(Hop Wah v State of New York, supra,* at 753).

It is also significant that the State did not dispute, in either its brief or at oral argument, the suggestion in *Hop Wah* that the practice on Court of Claims Act § 10 (6) motions has been to accept regular mail delivery as valid service, subject to the proviso that the court would not grant relief upon the State's default without confirmation of actual notice and an opportunity to appear in opposition *(Hop Wah v State of New York, supra,* at 754). With these procedural safeguards, we find no basis for disturbing the ruling of the Court of Claims in the instant case that regular mail service upon the Attorney-General of claimant's late-filing motion was sufficient.

In arriving at the foregoing conclusion, we are aware of precedents construing parallel provisions of the General Municipal Law regarding applications for permission to file a late notice of claim against a municipality (General Municipal Law § 50-e [5], [7]), which have required that they be brought as a special proceeding if no action had been previously commenced and only upon due personal service of the application *(see, Matter of Eso v County of Westchester,* 141 AD2d 542, 543; *Matter of Lannon v Town of Henrietta,* 87 AD2d 980, *affd on remand* 109 AD2d 1067; *but see, Cobb v Niagara Frontier Transp. Auth.,* 98 Misc 2d 191). Without indicating our agreement with those authorities, there are significant reasons to distinguish service of late filing applications in the Court of Claims under Court of Claims Act § 10 (6) from similar applications under General Municipal Law § 50-e. First, prior to the 1976 amendments to General Municipal Law § 50-e (L 1976, ch 745, § 2), the statute expressly provided that preaction applications for late-filing relief were to be served with the same formality as a notice of claim (General Municipal Law § 50-e [former (5)], as added by L 1945, ch 694, § 1, and amended by L 1959, ch 814, § 1). Contrastingly, as we have already pointed out, prior to its most recent amendment, a Court of Claims Act § 10 (6) application was expressly characterized by the statute as a motion, without specification of any

heightened formality in the means of service. Equally significant, the practical realities of claims against municipalities, involving multiple and diverse governmental entities with different attorneys and insurance carriers, militate far more strongly in favor of formal personal service of preaction applications for late claim filing relief than in the case of claims against the State, a single entity always represented by the Attorney-General.

For the foregoing reasons, the order of the Court of Claims granting permission to file a late claim should be affirmed.

MAHONEY, P. J., KANE, MIKOLL and YESAWICH, JR., JJ., concur.

Order affirmed, with costs.