OPINION OF THE COURT
S. Michael Nadel, J.
In this application for permission to file a late claim pursuant to Court of Claims Act § 10 (6), claimant seeks to recover payment for “advertising, graphical and media development” services he allegedly provided to Brooklyn College, one of the *698 senior colleges of the City University of New York (Education Law § 6224 [4]), and upon an account stated. In support of the proposed claim, claimant has annexed to his application a series of five invoices dating from March to September of 1995, and three follow-up letters dated February, March and June of 1996.
Although the six-month period to serve and file a claim or to serve a notice of intention has lapsed (Court of Claims Act § 10 [4]), this application was filed within the applicable six-year Statute of Limitations (CPLR 213 [2]) so the court has jurisdiction to grant relief under Court of Claims Act § 10 (6), and has considered the factors listed therein. (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979, 981.)
The defendant does not oppose this application on the basis of the statutory factors of notice, opportunity to investigate, or prejudice to the State caused by the delay; those factors are therefore presumed to weigh in the claimant’s favor. (Calzada v State of New York, 121 AD2d 988; Cole v State of New York, 64 AD2d 1023, 1024.) Indeed, from the exhibits annexed to claimant’s application it is clear the appropriate officials at Brooklyn College were fully aware of the underlying facts and did investigate.
The delay is not excusable. Claimant simply was unaware of the requirements of Court of Claims Act § 10.
Contrary to the argument of the Attorney-General, the claim appears to be meritorious. The exhibits annexed to claimant’s application support a claim for an account stated. Whether the college’s objections to the invoices, first stated in a letter dated October 8, 1996, were made within a reasonable time so as to defeat a claim for an account stated, may constitute a defense, but does not, at this stage, suffice to support the conclusion that the claim does not appear to be meritorious. (See, Werner v Nelkin, 206 AD2d 422, 423; Rockefeller Group v Edwards & Hjorth, 164 AD2d 830; Talcott, Inc. v United States Tel. Co., 52 AD2d 197, 200.)
Although not addressed by either party, it seems clear that claimant does not have any other available remedy.
Finally, the application is opposed on the ground that it was not served on the City University (CUNY), which, the Attorney-General argues, is “in direct contravention of Education Law §6224 (4) and Court of Claims Act §§10 and 11.” The cited statutes contain no reference to a requirement of service upon *699 CUNY (see, Shimmerlik v City Univ., 142 Misc 2d 118, 120 [“such requirement is not found in the Court of Claims Act and rules”]).[1] Counsel relies upon the holding in Brinkley v City Univ. (92 AD2d 805, 806) in which the Court held: “In addition to the usual service and filing requirements imposed by the Court of Claims Act, in any claim brought against it, CUNY must also be served with any claim or notice of intention to file a claim.”
It is conceded by the Attorney-General that the Attorney-General was served with this application. At issue here is whether Brinkley (supra) must be understood to require additional, separate service upon CUNY, not of a claim or of a notice of intention, but of an application for permission to file a late claim.
The service requirements of Court of Claims Act § 11 (a) do not apply to an application for permission to file a late claim, which may be served upon the Attorney-General by regular mail. (Sciarabba v State of New York, 152 AD2d 229.) While noting that Court of Claims Act § 10 (6) “does not speak explicitly” (at 231) to the issue of how such an application must be served, the Court concluded it seemed “quite evident, the statutory intent was to authorize Court of Claims Act § 10 (6) applications to be initiated by simple motion” (at 232). Noting the applicability of CPLR procedures to Court of Claims motion practice (Uniform Rules for Trial Cts [22 NYCRR] § 206.8 [a]), the Court accepted the view that “the common, acceptable practice for serving a notice of motion is by mail delivery” (at 233, citing Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2211:4, at 31 [1974 ed]).
Appellate authority having concluded that for purposes of determining service requirements an application for permission to file a late claim should be treated as a motion, this *700 court is of the view that the holding of Brinkley (supra), which explicitly pertains to the service and filing of a claim or the service of a notice of intention, is not applicable to such an application.
In the absence of any statutory or case law requirement that an application for permission to file a late claim against CUNY must be separately served upon CUNY, the court concludes that such service is not required.
In reaching this conclusion, the court relies upon the basis for the holding in Sciarabba (supra), that such an application should be treated as a motion for the purpose of determining service requirements. The usual practice in the Court of Claims, and under the CPLR generally, is for motions to be served, not upon a party, but upon the party’s attorney. (Cf., Siegel, NY Prac § 248, at 373 [2d ed] [with respect to an order to show cause, service is usually upon the other side’s attorney].) CUNY is represented in the Court of Claims by the Attorney-General.[2] (See, e.g., Education Law § 6224 [5].) Thus, this application was in fact served upon CUNY’s attorney, the Attorney-General, and no additional, separate service upon CUNY is necessary.[3]
Having considered the relevant statutory factors (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979, supra), the motion is granted for the reasons stated.
Claimant is therefore directed to file the proposed claim (denominating in the caption the proper defendant, the City University of New York) with the Clerk of the Court, and to serve it, either personally or by certified mail, return receipt *701 requested, upon the Attorney-General, and upon the City University of New York, within 30 days of service upon counsel of a filed copy of this order with notice of entry.

. The absence of statutory guidance in this area was noted in Bicjan v Hunter Coll. (116 Misc 2d 978, 982) in 1982, when Judge Rossetti of this court stated: “the question of when a given government entity is sufficiently separate from the State to require a separate service has apparently been left to the courts to decide on a case-by-case basis * * * If the legislative intent is to have government entities legally responsible for their conduct, we believe better statutory delineation of who and how to serve is appropriate to make such intent truly and practically meaningful. A single, simple statement in the statutes establishing or continuing the various government entities intended to be independent would seem to be an easy solution and one which would avoid potential unfairness and injustice.” His call for legislative action is no less compelling 16 years later.

. The Court in Sciarabba (supra, at 234) distinguished a Court of Claims Act § 10 (6) application from applications for permission to file a late notice of claim under General Municipal Law § 50-e, which case law treats as special proceedings, requiring personal service, noting that claims against municipalities involve “multiple and diverse governmental entities with different attorneys and insurance carriers”.

. This situation is distinguishable from Cantor v State of New York (43 AD2d 872), in which the Court held that separate service of the claim and of the notice of intention upon the New York State Thruway Authority was required, despite the fact that the Attorney-General, who had been served with both, represented the Authority. Claimant had never served the Authority, but the Court of Claims had permitted service nunc pro tunc more than two years after service of the notice of intention upon the Attorney-General, six days prior to the scheduled trial of the claim. The Appellate Division reversed.